## TWOGOOD v. FRANKLIN *et al.*

Judicial sale: PURCHASER DURING PENDENCY OF APPEAL. A purchase of land at a sheriff's sale by the plaintiff in execution or his attorney, with actual knowledge of a pending appeal, is at the peril of the purchaser; and the party or his attorney thus buying, is not a *bona fide* purchaser within the meaning of section 3541 of the Revision.

*Appeal from Benton District Court.*

FRIDAY, JUNE 11.

SHERIFF'S SALE: EFFECT OF SUBSEQUENT REVERSAL OF THE JUDGMENT: STATUTE CONSTRUED. — In February, 1864, Franklin recovered a decree of foreclosure against Twogood, the present plaintiff. Twogood appealed to the Supreme Court, but filed no *supersedeas* bond. *Pending the appeal*, execution was issued and a portion of the mortgaged premises were sold to the defendant, Conklin, and a portion to Franklin, the plaintiff, in the foreclosure proceeding. This sheriff's sale was in June, 1864, and the sheriff then executed deeds to Conklin and Franklin. At the June Term, 1865, the Supreme Court reversed the foreclosure judgment and decree, and remanded the cause. See report of the case, 18 Iowa, 515. *After this reversal*, and while the action was pending in the District Court, viz.: on the 1st day of March, 1867, Conklin conveyed to the defendants, Wm. A. and Jno. W. Morgan. At the March Term, 1867, on a second trial, Twogood succeeded, and Franklin's petition was dismissed, and this judgment is still in force and unreversed. Conklin was the attorney of Franklin in the foreclosure proceeding. To the present petition Franklin, Conklin, the Messrs. Morgan and others are made defendants. The prayer is to set aside the sheriff's deeds and the conveyances from Conklin to the Messrs. Morgan, to quiet the plaintiff's title, etc.

The present appeal is taken by Conklin and the Messrs. Morgan, and the error assigned consists in the action of the court in sustaining the demurrer of the plaintiff to the second count of the appellant's answer.

The facts above recited are alleged in the petition and not controverted by the answer. The second count of the answer is as follows:

"And for a further answer defendants say that, at the time said plaintiff appealed to the Supreme Court of Iowa from the judgment and decree of this court, as set out in plaintiff's petition, he failed and neglected to file or make a *supersedeas* bond as by law required, to stay execution on said judgment and decree; and that said plaintiff did not at any time file such bond, but wholly neglected to do so, and suffered and permitted said execution to issue, and said land to be sold by the sheriff on execution without in any manner attempting to prevent the same. That he had notice and personal knowledge that said execution was issued and that said sale was to be made, and that it was so made.

" That at said sale said Conklin, not as attorney for said Franklin, but in his own right, for and on his own account, bid the sum of three dollars per acre for the 160 acres sold to him; and being then and there the highest and best bidder for said land, the same was then and there struck off and sold to him by said sheriff. And in pursuance of said sale, the said sheriff gave to said Conklin a sheriff's deed therefor.

" That at the time of said sale the said Franklin was indebted to said Conklin, for and on account of services rendered by said Conklin in said action, and for moneys paid, laid out and expended by said Conklin in and about attending to and conducting the same, in the sum of four hundred dollars or thereabouts. That the amount of the said bid of said Conklin was credited and applied on said judgment by said sheriff, and that said Conklin credited and treated said amount as a payment on his said claim and demand against the said Franklin. That said Conklin thereupon notified said Franklin that he had thus purchased said land for and on account of his said claim for services, etc., and that said Franklin ac-

quiesced therein, and assented and made no objection thereto.

" That at the time and ever since said purchase of said land by said Conklin, and up to the time of said sale and conveyance to Wm. A. and John W. Morgan, said Conklin designed and intended and claimed said lands as his own and not as the property of said Franklin, nor did he hold the same in trust for the said Franklin, nor for his use.

" That after said sale, the said Conklin, relying on said purchase, and in consideration thereof, and of the amount thus received by him by virtue of said purchase and sale, continued to conduct and manage said 'action in the Supreme Court of said State, afterward in this court, and is thus still continuing the management thereof, and has, since said purchase, paid out and expended for said Franklin, in the mangement of said case, large sums of money, to wit : $150 or thereabouts, which, with the reasonable value of his said further services therein, makes the sum of $500 or thereabouts.

" That no part of said indebtedness existing in favor of said Conklin at the date of said sale, or of said further sum of $500, has been in any manner paid or satisfied by said Franklin than as above stated by the sale and purchase of the said land.   That said Franklin is still indebted to said Conklin, after crediting him with the said sum of three dollars per acre on account of said 160 acres, amounting to $480, the sum of $500 or thereabouts.   That said Conklin purchased said land in good faith, without any intention or thought of cheating or defrauding said plaintiff, and so sold and conveyed the same.   That said defendants, Wm. A. and John W. Morgan, also purchased said land of said Conklin in good faith, for the full value thereof, believing said Conklin had good title therefor, and had good right to convey the same, and that they thereupon took possession of said land and have ever since been in possession of the same.

"Wherefore defendants ask that the bill of plaintiff be dismissed as to them and that they recover their costs."

Plaintiff demurred on the ground that this count of the answer, taken in connection with the undenied allegations of the petition, constituted no defense to the relief therein sought. Also on the ground that the answer admits that the defendants made their purchases and received their deeds while the suit of *Franklin* v. *Twogood* was pending, and therefore with knowledge of the plaintiff's rights and equities.

The court sustained the demurrer and the defendants excepted and appeal.

*C. H. Conklin* for the appellants.

*I. M. Preston & Son* for the appellee.

· DILLON, Ch. J. — It is an express provision of the statute (Rev. § 3541) that "property acquired by a *bona fide* purchaser under a judgment subsequently reversed shall not be affected by such reversal." By the preceding section (3540) it is enacted that "If by the decision of the Supreme Court, the appellant becomes entitled to a restoration of any part of the money or property taken from him by means of such judgment or order, either the Supreme Court or District Court may direct execution or writ of restitution to issue for the purpose of restoring to such appellant his property or the value thereof." It is argued by the appellants that Conklin was a "*bona fide* purchaser" within the meaning of the section of the statute first above quoted. If so, that then he acquired title and could convey it to the Messrs. Morgan, even though at the time of such conveyance the judgment had been reversed and the plaintiff therein afterward failed to recover any thing.

Conklin was the attorney of Franklin and knew at the time of his purchase at the sheriff's sale that an appeal had before that time been taken by Twogood to the Supreme Court from the very judgment under which the sheriff was selling, and that such appeal was then pending. His payment consisted in crediting an account he held against his client, the plaintiff in the judgment under which the sale was being made. Not questioning the fairness of the transaction so far as Conklin is concerned, it is our opinion that he can, under such circumstances, no more be considered "a *bona fide* purchaser," within the meaning of the statute, than can Franklin with respect to the parcels purchased by him.

Respecting the present question, I am of opinion that to constitute "a *bona fide* purchaser" of land, one must have purchased without knowledge, at least actual knowledge, of an appeal, and must have parted with his money, or altered his situation, on the strength of such purchase.

The court unite in the proposition which is broad enough to cover the case at bar, viz.: that a purchase of land at a sheriff's sale by the plaintiff in execution or his attorney, with actual knowledge of a depending appeal, is at the peril of the purchaser, and the party or his attorney thus buying is not, within the meaning of the statute, a *bona fide* purchaser.

Conklin's vendees having purchased *after* the judgment had been reversed, stand in no better situation than their vendor.

Affirmed.