## FRAZIER v. CRAFTS.

1. **Judicial Sale:** HOW AFFECTED BY REVERSAL OF JUDGMENT.   Where the judgment defendant fails to give notice of appeal until after a sale of property under the judgment, and the judgment plaintiff becomes the purchaser, he is entitled to the same protection as any other *bona fide* purchaser, if the judgment is afterwards reversed, and, upon the cause being remanded, he again recovers.

2. ——: ——: RULE APPLIED.   Under a judgment recovered by C. against A., C. purchased at sheriff's sale real estate levied upon to satisfy the judgment. After the sale A. appealed the case, which was subsequently reversed.   While it was pending on appeal A. sold the real estate to F.   Upon a re-trial C. again recovered judgment: *Held*, that C. was entitled to the protection of a *bona fide* purchaser within the meaning of Sec. 3541 of the Revision, and that the title should be quieted in him.

### *Appeal from Henry District Court.*

TUESDAY, DECEMBER 15.

ISRAEL CRAFTS, as administrator of the estate of John Hufty, deceased, brought a suit at law, without attachment or other auxiliary proceeding, in the Henry County Circuit Court, against one Levi Clark, and at the May Term, 1870, he recovered judgment against Clark, for the sum of $973.40 and costs. On the 10th day of September, A. D. 1870, the lands in controversy were duly sold under said judgment to Israel Crafts,

as such administrator, for the sum of $1,025.00, and, upon the same day a sheriff's deed was executed to him therefor; which was duly recorded December 9th, 1870.

After the sale and the execution of said deed, viz: on the 28th day of September, 1870, the defendant in that action served notice of appeal, but he did not at any time execute an appeal bond. At the December Term, 1870, the judgment in *Crafts v. Clark*, was reversed, upon grounds not affecting plaintiff's ultimate right of recovery, (31 Iowa, 18,) and a procedendo was issued.

Afterward, to-wit: on the 5th day of January, 1872, Levi Clark and his wife, for the expressed consideration of $1,500.00, conveyed the land in controversy to the plaintiff in this action. On the 6th day of September, 1872, a new trial was had in *Crafts v. Clark*, and a judgment was rendered for the plaintiff for $1,040.04 being the amount of the original judgment and interest. This judgment was affirmed in this court, at the April Term, 1874, at Dubuque. Upon this judgment execution issued, and the lands in controversy were again levied upon, and advertised to be sold on the 30th day of January, 1873. On the 22d day of January, 1873, the plaintiff commenced this action, praying that the sale be enjoined, and that the plaintiff's title to the land in controversy be quieted. The defendant in a cross-petition asked that the title be quieted in him, and the temporary injunction dissolved. Afterward, and before trial defendant withdrew, without prejudice, the execution and dismissed the levy. Plaintiff offered upon the trial to prove by parol the consideration of the deed; that the same was taken *bona fide*, without notice of defendant's claim, or of the existence of the debt, or of any right or title in defendant, which testimony the court, upon defendant's objection, excluded.

The court dissolved the injunction, and quieted defendant's title as prayed in the cross-bill. Plaintiff appeals.

*H. & R. Ambler*, for appellant.

*P. N. Bowman* and *W. R. Barger*, for appellee.

DAY, J.—Section 3541 of the Revision is as follows: " Property acquired by a *bona fide* purchaser, under a judgment subsequently reversed, shall not be affected by such reversal." If the property in question had, under the former judgment, been sold to a third party purchasing in good faith, his title would under this section be protected, even if the reversal had been upon such ground as to render the recovery of a second judgment, by the plaintiff impossible. In that case the judgment defendant would be compelled to look to the judgment plaintiff, for compensation for the lands sold. Nothing is shown to affect the *bona fides* of the purchase by Crafts in this case, further than the fact that the purchaser was the judgment plaintiff. The case presents this question: May a judgment creditor, who purchases real estate at sheriff's sale, before notice of appeal, upon which the judgment under which the sale occurred is afterward reversed, but who, when the cause is remanded, recovers another judgment for the whole amount of the first and interest, under any circumstances be considered a *bona fide* purchaser, and be entitled as such to the protection of the provisions of Section 3541 of the Revision?

Or, in other words, can a judgment debtor whose real estate has been sold to the judgment plaintiff in satisfaction of the judgment, before notice of· appeal, after the judgment under which the sale occurred has been reversed, and the cause has been remanded for new trial, and after the sheriff's deed to the judgment plaintiff has been recorded, sell the real estate to a third ·party and convey a valid title thereto, notwithstanding judgment is again rendered on a new trial for the full amount of the former judgment? These questions have not hitherto been answered by the adjudications of this court. The case of *Twogood v. Franklin*, 27 Iowa, 239, upon which appellant seems to rely, differs from the present one in two material respects: 1. The purchase was ·made after notice of the appeal. 2. The party under whose judgment the sale occurred failed, after the reversal, to recover another judgment. The language upon which appellant relies, " that to constitute a *bona fide* purchaser of land,

one must have purchased without knowledge, at least actual knowledge, of an appeal, and must have parted with his money or altered his situation on the strength of such purchase," expresses merely the views of the writer of the opinion. The only point determined in that case is: "That a purchase of land at a sheriff's sale by the plaintiff in execution, or his attorney, with actual knowledge of a depending appeal, is at the peril of the purchaser, and the party or his attorney thus buying is not, within the meaning of the statute, a *bona fide* purchaser." The question now involved may fairly be regarded as *res nova*.

No good reason is apparent why, under the circumstances of this case, a judgment plaintiff should not be protected. If, upon the re-trial, he had failed to recover judgment, he would stand in an attitude altogether different. Under such circumstances he would be bound to make restitution to the judgment defendant. · And, so long as the title to the land remained in him, equity would require that he restore the land itself, the very thing improperly received in satisfaction of a judgment which ought never to have been rendered. And if he could thus be required to restore the land to the judgment defendant, he might be compelled to restore it to the vendee of such defendant.

But in this case the recovery of a second judgment for the full amount of the first judgment and interest, has definitively settled the question that Crafts is under no obligation to make restitution to Clark. If Clark had brought an action to recover the value of the land, it is clear that Crafts might have off-set the claim by the second judgment. And if Clark had sought to recover the land itself, and had even succeeded, it would have been, in his hands, subject to the lien of such judgment.

The true principle upon which *bona fide* purchasers at a judicial sale are protected in the rights acquired, we apprehend to be that they have a right to rely upon the validity of the judgment, and to invoke its protection for acts done under it whilst it is in force. If this be the principle, then there is no reason why a party, acting in every respect in good faith, and before notice of appeal, should not be protected to the

same extent as strangers. In *Gower v. Doheny*, 33 Iowa, 39, (not cited by either party to .this appeal) are reviewed all the: previous decisions of this court, cited by the appellee, upon: the question of the protection to be afforded to a judgment, creditor, purchasing at a judicial sale, against outstanding equities, and we held that he was entitled to protection against such equities of which he had no notice at the time of his: purchase. This decision is put upon the ground that the: judgment plaintiff stands upon the same footing as any other purchaser.

The principle determined in that case is decisive of this. The doctrine here maintained does not enable a party to retain property acquired under an unjust judgment. If the judgment is ultimately reversed, he must restore the property itself or its value. Besides, the judgment defendant has it always in his power, by promptly taking an appeal, to prevent the judgment plaintiff from becoming a *bona fide* purchaser. See *Woodcock v. Bennett*, 1 Cowen, 711 (734).

The court did not err in dissolving the injunction, nor in quieting defendant's title.

AFFIRMED.