## MULLIN *v.* ATHERTON.

Upon the reversal of a judgment, the party against whom it was rendered is entitled to be restored to all things which he has lost by the erroneous judgment, and to restitution by the party in whose favor the judgment was rendered, of all things in his control which he has acquired thereby.

A title to land, acquired under a levy of his execution by a judgment creditor, and conveyed by him to his attorney, who conducted the case in which the judgment was recovered, and directed the levy, is defeated by a reversal of the judgment.

WRIT OF ENTRY, for the recovery of certain real estate in Nashua. Writ dated Dec. 17, 1880. Plea, the general issue. Facts agreed.

The plaintiff was the owner of the premises described in the writ, subject to certain mortgages, and the defendant claims under a sale of the equity made on a judgment recovered by Margaret Mullin, at the May term of this court, 1878, for $1,500, and a conveyance to him by said Margaret. That judgment was rendered upon a decree for alimony of $1,500 in a libel for divorce by said Margaret against the plaintiff. The equity was bid off by said Margaret for $1,537.50, and conveyed to her by the officer on the 16th of July, 1878; and on the same day she, nominally for the sum of $768.89½, quitclaimed to the defendant one undivided half of the same, describing it as "one undivided half of all my interest, right, and title in and to the same." The defendant was the attorney of said Margaret in prosecuting and conducting the libel for divorce, as well as all subsequent proceedings hereinafter mentioned. At the May term, 1879, it was ordered, on the petition of the plaintiff, that there be a rehearing in said libel, and the same having been reheard, a decree was, at the May term, 1880, made and entered, that the decree therein be so modified that no alimony be recovered, and that a writ of restitution issue, and that the injunction restraining the said Margaret, her attorneys and agents, from conveying, selling, mortgaging, or encumbering her said interest, be made perpetual. The defendant had knowledge of, and conducted or directed, the proceedings relating to said sale and deeds.

*A. F. Stevens*, for the plaintiff.

*H. B. Atherton*, for the defendant.

CLARK, J.   Upon the reversal of a judgment, the party against whom it was rendered is entitled to be restored to all things which he has lost by the erroneous judgment. *Eames* v. *Stevens*, 26 N. H. 117; *Murray* v. *Emmons, ib.* 523; *Trow* v. *Messer*, 32 N. H. 361.   In real actions the award of restitution is specific, and if satisfaction of the judgment has been obtained by an extent upon real estate, the land, and not its value, is to be restored. *Gay* v. *Smith*, 36 N. H. 435, 436.   And it may be recovered by a writ of entry from the possession of the judgment creditor, or from any one who has no better title than the judgment creditor. *Delano* v. *Wilde*, 11 Gray 17; *Horton* v. *Wilde*, 8 Gray 425; *Cummings* v. *Noyes*, 10 Mass. 433; *Bryant* v. *Fairfield*, 51 Me. 149.

In this case the levy of the execution issued on the judgment was by sale of an equity of redemption of real estate, and the plaintiff in execution was the purchaser at the sale. The owner of the judgment, whether it be the original plaintiff, or one to whom the judgment has been assigned by such plaintiff, purchases subject to the risk of losing title by the subsequent reversal of the judgment. Freem. Ex., *s.* 347; *Reynolds* v. *Harris*, 14 Cal. 667. The reversal or recall of the judgment, therefore, defeated

the title of Mrs. Mullin to the land levied upon; and unless the defendant acquired a better title under his deed than Mrs. Mullin possessed, it was destroyed by the reversal of the judgment. If the defendant was a *bona fide* purchaser without notice, the title acquired by him was not affected or impaired by the subsequent reversal of the judgment. If he cannot be regarded as a purchaser without notice, then he can stand no better than his grantor, and his title was destroyed by the reversal of the judgment under which it was derived.

The defendant was the attorney of Mrs. Mullin in the suit in which the original judgment was rendered, and in all the subsequent proceedings; and it is settled, by reason and upon authority, that the plaintiff's attorney, on becoming a purchaser at a sale under execution in a case which he has conducted, occupied a position as unfavorable as that of the plaintiff, and must lose the property upon the reversal of the judgment. Freem. Ex., *s.* 347. In *Stroud* v. *Casey*, 25 Tex. 740, it is said that "the plaintiff in execution, and his attorney who recovered the judgment, are deemed to be purchasers with notice of all errors and irregularities in the proceedings and judgment in the suit;" and where the plaintiff bought a tract of land at sheriff's sale on execution, under a judgment in his favor, and conveyed the same to the attorney who procured the judgment, and the judgment was afterwards reversed for error, it was held that the reversal of the judgment put an end to the title so acquired. In the opinion of the court, *Wheeler*, C. J., says,—"It is perfectly well settled that when there has been a sale, under execution, of lands or goods, and a stranger is the purchaser *bona fide*, his title will not be affected by the subsequent reversal of the judgment. It is equally well settled, that if the plaintiff in execution, or his attorney, is the purchaser; the reversal of the judgment puts an end to the title." In *Galpin* v. *Page*, 18 Wall. 350, 373, *Field*, J., says,—"The protection which the law gives to a purchaser at judicial sales is not extended in such cases to the attorney of the party, who is presumed to be cognizant of all the proceedings." And such seems to be the generally recognized doctrine. *Simonds* v. *Catlin*, 2 Caines 61; *Twogood* v. *Franklin*, 27 Iowa 239; *Hannibal & St. Joseph R. R.* v. *Brown*, 43 Mo. 294, 297; *Gott* v. *Powell*, 41 Mo. 416; *Taylor* v. *Boyd*, 3 Ohio 338; *Reynolds* v. *Hosmer*, 45 Cal. 630; *McJilton* v. *Love*, 13 Ill. 486; Freem. Ex., *ss.* 340–347.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.