## MUNSON v. PLUMMER ET AL.

1. **Execution Sale:** PENDING AN APPEAL: JUDGMENT REDUCED: RES-
TITUTION. Pending an appeal from a judgment, real estate was sold
on execution to the judgment plaintiff. The judgment was afterwards
reduced by the decision of the Supreme Court, allowing a credit thereon.
*Held:*

    1. That the judgment plaintiff was not a *bona fide* purchaser entitled
to protection.

    2. That the defendants were entitled to restitution, and that the order
of court, setting aside the sale and in effect restoring all the property
to the defendants, was proper and right.

    3. That the judgment plaintiff could not be compelled to keep the
property at the amount bid, and pay the defendants the difference
between the bid and the amount of the reduced judgment.

2. **Judgment:** REDUCED ON APPEAL: COMPUTATION OF INTEREST. The
mode of computing the interest on the amount found due considered
and held to be correct.

*Appeal from Buchanan Circuit Court.*

TUESDAY, JUNE 13.

THERE was a former appeal in this case and the judgment
of the Circuit Court was modified and affirmed. 54 Iowa,
758. Certain rulings were made by the Circuit Court after
the procedendo was filed, and from such the defendants appeal.

*John J. Ney*, for appellants.

*C. E. Ransier*, for appellee.

SEEVERS, CH. J.—An execution was issued on the original
judgment, and certain real estate belonging to the defendants
sold thereon to the plaintiff for the sum of four-
teen hundred dollars, which was credited on the
judgment. Before the sale the defendants took
the former appeal and the same was pending in
this court when the sale took place. The modification made

1. EXECUTION
SALE: pend-
ing an appeal:
judgment re-
duced: resti-
tution.

Munson v. Plummer.

by this court was, to allow a credit on the judgment as of October 1st, 1873. The defendants filed a motion in the Circuit Court to compel the plaintiff to pay them that sum with interest, on the ground he was indebted to them on his purchase of the property to that extent. The motion was based on the statute which in substance provides, if by the decision of the Supreme Court the appellant is entitled to a restoration of any part of the money or property, taken from him by means of the judgment, the court shall direct restitution to be made, provided that a purchaser in good faith shall not be affected by the reversal of the judgment by the Supreme Court. Code, § § 3198, 3199.

The court overruled the motion, but upon the application of the plaintiff set aside the sale and this had the effect to restore the property sold to the defendants, and this we believe, under the circumstances, to be correct. That the plaintiff was not a *bona fide* purchaser, entitled to protection, was held in *Twogood v. Franklin*, 27 Iowa, 239. The case at bar is clearly distinguishable from *Hanschild, Adm'r., v. Stafford*, 27 Iowa, 301, and *Frazier v. Crafts*, 40 Id., 110, because in those cases it was held no restoration could or should be made. In the present case the defendants are entitled to restitution and the only question is as to what they are entitled. As it was in the plaintiff's power to restore the whole property sold, we think they could undoubtedly have insisted on this being done. Under the circumstances we think such right is reciprocal. That is, the plaintiff cannot be compelled to keep the property at the amount bid and pay the defendants the difference between the bid and the amount of the reduced judgment. The plaintiff bid $1,400 for the property under the belief he had a valid judgment for a greater amount. This he may have been induced to do under the belief the property sold was all he would ever get. It would be inequitable to make him pay money for the property, unless at least it appears the defendants would be prejudiced by the same not being done. There is no such showing.

Vol. LVIII—47

II. 'The court, in ascertaining the amount for which judgment should be rendered in obedience to the mandate of this 2. JUDGMENT: court, computed, as we understand, interest on the reduced on appeal: com- notes on which the judgment was rendered acputation of cording to the terms of the note up to October interest. 1st, 1873, and then credited the $500 allowed by this court. Upon the amount thus shown to be due, the interest was computed in accordance with the terms of the notes up to the date of the judgment from which the first appeal was taken. We think the mode of computation adopted was correct.

AFFIRMED.