## W. W. ENGLISH v. A. T. OTIS, Appellant.

**Proof of title.** Code, section 4184, providing that a plaintiff must recover real property on the strength of his own title, has no application to an action to quiet title, and where it appears that both plaintiff and defendant claim under the same chain plaintiff need do no more than establish his own title as derived from the common source.

**Judgments:** COLLATERAL ATTACK: SECURITY FOR COSTS. Final judg-
2   ment rendered after motion for a new trial by a defendant served
by publication, cannot be collaterally attacked for failure of the
record to disclose a compliance with the statutory requirement of
security for costs.

**Sale on execution:** RETRIAL: RECOVERY OF PROPERTY. Where real prop-
3   erty has been sold under a judgment which was subsequently re-
versed on a retrial, the court is authorized by Code, section 3797,
to cancel and set aside any title derived by the sheriff's sale under
the judgment, unless the property has passed to a purchaser in
good faith.

**Judicial sales:** INNOCENT PURCHASERS. Neither the plaintiff nor attor-
4   neys in an action who purchase property under a judgment therein,
nor their assignees prior to the issuance of sheriff's deed, are inno-
cent purchasers within the meaning of Code, section 3797.

*Appeal from Union District Court.*— HON. H. M. TOWNER,
Judge.

WEDNESDAY, NOVEMBER 16, 1904.

ACTION to quiet title. Decree for plaintiff, from which
defendant appeals.— *Affirmed.*

*James G. Bull,* for appellant.

*Sullivan & Sullivan,* for appellee.

McCLAIN, J.— The bearing of the questions of law
brought before us on this appeal can be more clearly under-
stood if the facts appearing in the record without substantial
conflict are first set out. In January, 1901, action was
brought in Union county against W. W. English, who is the
plaintiff in this action, by Susan English, his divorced wife, to
recover judgment on a promissory note. Neither the plaintiff
nor the defendant in that action was a resident of Iowa, but
the plaintiff asked for an attachment against certain land
alleged to be the property of that defendant there situated,
on the ground that he was a non-resident of the State, and
served notice by publication. In April following, judgment

was rendered in that action against defendant, on default, for about $2,500, and the attached property was sold under execution, and bought in by plaintiff's attorney, one Winter, for the sum of $2,400, and a certificate of purchase under such sale was issued to said Winter. Soon thereafter Winter assigned a one-half interest in the certificate to his client and a one-fourth interest to Bunn & Park, a firm of attorneys who had been associated with him in the case, and it appears from the testimony that the one-fourth interest retained by Winter and the one-fourth interest assigned to Bunn & Park were by way of compensation for professional services rendered in the case. In October of the same year all these parties joined in an assignment, for value, of their interests, to the defendant in the present case, and on May 26, 1902, a sheriff's deed was issued to him. But on May 19, 1902 — that is, after the assignment of the certificate to defendant, and prior to the execution of the sheriff's deed to him — W. W. English filed in the district court of Union county a motion for a new trial in the original case, in which judgment had been taken against him by default, and, accompanying such motion, an answer and cross-petition praying that the plaintiff's petition be dismissed, and that the defendant have judgment against plaintiff for costs. This motion and answer were filed under the provisions of Code, section 3796, authorizing a defendant served by publication only, and who has not appeared, to appear in court within two years after the rendition of judgment against him, and move to have the action retried. Proceedings were had in accordance with the provisions of this section, and an January 29, 1903, judgment was rendered for the defendant in the original action, W. W. English, dismissing the plaintiff's petition, and for costs against plaintiff, and it was further adjudged that the sheriff's sale be canceled.

I. Counsel for appellant contend, in the first place, that plaintiff has not made out such title to the premises as to justify the lower court in awarding him a decree quieting

his title. The evidence as to plaintiff's title consists substantially of his own testimony to the effect that he is the owner, deriving title by descent from his son Morgan English, who died in 1888, and was the owner of the premises at the time of his death, and that Morgan English left surviving him no children, so that this plaintiff was his sole heir; his mother, the wife of W. W. English, prior to the marriage of the latter with Susan English, having previously died. The argument is that as to these facts the testimony of W. W. English was not competent; but we think that it is not necessary to give further attention to this objection. The provision of the Code (section 4184) that "the plaintiff must recover on the strength of his own title" is found in the chapter relating to the recovery of real property, and there is no such provision in the chapter relating to actions to quiet title. Such provision has no application to this action. *Russell v. Nelson,* 32 Iowa, 215. It is, of course, true that plaintiff can have no relief in an action to quiet title unless he shows such an interest in the property that as against the defendant he is entitled to have the title therein quieted in him; but if in such an action both the plaintiff and defendant claim under the same chain of title, it is unnecessary for the plaintiff to do more than establish his own title as derived from the common source. *Cooley v. Brayton,* 16 Iowa, 10; *Byers v. Rodabaugh,* 17 Iowa, 53; *Morrison v. Wilkerson,* 27 Iowa, 374. Now, it appears here that the defendant is relying on the title to the premises having been at the time of the sheriff's sale in the plaintiff. If the plaintiff had no title, defendant has none, and we do not understand that under such circumstances any further evidence of title is necessary.

*1. Proof of title.*

II. There is some contention on behalf of defendant that plaintiff in the proceeding for a new trial in the original case failed to comply with all the provisions of Code, section 3796, especially the provision requiring that security for costs

be given.   The only showing there is on this subject is that
the record of the proceedings under the motion does not show
any security for costs to have been given;
but certainly the final judgment in that action
cannot be collaterally attacked on that ground.

2. JUDGMENTS:
   collateral at-
   tack; security
   for costs.

It will be presumed, in favor of the correctness of the judg-
ment, that the proceedings were regular, and the require-
ments of the statute were complied with.

III.   The principal question, however, is one of law:
Had the court any authority, in rendering a final judgment
in the original action under the motion for new trial and the
answer and cross-petition filed, to enter a judg-
ment canceling the sheriff's sale, and was such
cancellation effectual as against this defendant,

3. SALE ON EX-
   ECUTION: re-
   trial; recovery
   of property.

who at the time the proceeding by motion for new trial was
instituted held a sheriff's certificate, and, before the rendi-
tion of the judgment canceling the sheriff's sale, had pro-
cured a sheriff's deed?   As to the right of the court to enter
a judgment canceling the sale, it is urged that the only au-
thority given in such proceeding is the following: " The
court may confirm the former judgment, or may modify or
set it aside, and may order the plaintiff to restore any
money of such defendant paid to him under it and yet
remaining in his possession, and pay to the defendant the
value of any property which may have been taken in attach-
ment in the action or under the judgment and not restored."
Code, section 3796.   But in the following section it is pro-
vided that " the title of a purchaser in good faith to any
property sold under attachment or judgment shall not be
affected by the new trial permitted by the preceding section,
except the title of property obtained by the plaintiff and
not bought of him in good faith by others."   It is apparent,
therefore, that something more is contemplated as within
the power of the court than simply an order for the restora-
tion of any money or property remaining in the possession

of the adverse party, and it seems perfectly clear that the court setting aside the prior judgment rendered by default may set aside and cancel any title derived by a sheriff's sale under such judgment, unless the property sold has passed into the hands of a purchaser in good faith.

We have left, then, the single question whether defendant is such a purchaser in good faith, either in consequence of the original sale or by purchase from one obtaining title through such sale. The original purchase by Winter was for his client, the plaintiff in the action in which the judgment was rendered which was afterwards canceled and set aside, and clearly neither he nor his client nor his associate counsel are entitled to protection as purchasers in good faith. *Twogood v. Franklin,* 27 Iowa, 239. When the proceeding for a new trial was instituted this defendant was simply the holder by assignment of a certificate of purchase, and as assignee he had no better right than his assignors. *Van Gorder v. Lundy,* 66 Iowa, 448. Moreover, a purchaser under judicial sale, even though he has received a deed, is subject, as to the validity of his title, to the valadity of the judgment in pursuance of which the deed is executed. The rule *caveat emptor* applies to judicial sales. *The Monte Allegre,* 9 Wheaton, 616, 6 L. Ed. 174; Rohrer, Judicial Sales, sections 476, 602. It is true that by the statute, if defendant had been a purchaser in good faith, and for value, at the execution sale, he would have been protected as against a subsequent annulment of the judgment; but he was merely an assignee, for value, from parties who were not entitled to claim protection as against an annulment of the judgment, and before he acquired title by deed, proceedings had been instituted, of which he was bound to take notice, to set aside the judgment. He was a·purchaser, therefore, so far as his deed was concerned, pending litigation, and took subject to any judgment which might be rendered in the action against the person from whom he purchased. 2 Black, Judgments,

*4. Judicial sales: innocent purchasers.*

section 550. We think that cases relating to the effect of the reversal of a judgment after execution sale thereunder, as affecting the title of a purchaser at such sale, are in point, and this court has held that a purchaser pending an appeal takes at his peril. *Twogood v. Franklin,* 27 Iowa, 239; *Frazier v. Crafts,* 40 Iowa, 110; *Munson v. Plummer,* 58 Iowa, 736. The case of *Bartlett v. Bilger,* 92 Iowa, 732, seems to be also in point. In that case it was held that a purchaser, though in good faith and for value, at an execution sale in a foreclosure proceeding, in which no notice had been served on one of the defendants, took subject to any modification of the judgment made upon a subsequent appearance of the party not thus served, and that the purchaser should have known at the time of the purchase that no notice had been served on such party, and that as to the latter the sale was without effect. The same case supports the reasoning which we have adopted in this opinion that the purchaser of a certificate of sale after default entered, and while the right of the party in default to have the judgment set aside on motion for new trial still exists, does not thereby become such purchaser in good faith as to be protected against the subsequent setting aside of the judgment on such motion made within the time allowed by statute.

We have disposed of all the questions argued so far as it is necessary to do so in reaching the conclusion that the judgment of the court in the original action under the motion for a new trial defeated any title which defendant acquired under the sale made in pursuance of the authority of the original judgment, and that plaintiff is entitled to have his title quieted against the claim of defendant, and the decree of the lower court is therefore *affirmed.*