EDWARD W. FRAIZER et al., Appellees, v. MARY FRAIZER, Appellant.

PARTITION: Sale—Deed Pending Appeal—Effect. The vendee in a referee's deed in partition who takes his deed pending an appeal from the order for the deed takes at his peril.

PARTITION: Sale—Bid—Cancellation. A bid at a sale in partition is effectually canceled by the act of the bidder in accepting a return of his required cash deposit, even though such deposit is returned under the order of the court.

PARTITION: Sale—Belated Bidder—Right to Impose Additional Terms. An order of court to the effect that a very belated bidder at a referee's sale in partition make a deposit or down payment greater than was required of regular bidders is presumptively within the discretion of the court.

Headnote 1: 35 C. J. p. 84. Headnote 2: 30 Cyc. p. 275. Headnote 3: 30 Cyc. p. 276 (Anno).

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

NOVEMBER 15, 1927.

An action in partition. From a ruling on the objection of the defendant, Mary Fraizer, to the report of the sale by the referee, she appeals.—*Affirmed.*

*I. H. Tomlinson,* for appellant.

*Dale & Harvison,* for appellees.

ALBERT, J.—This case pursued the usual course of an action of this kind for the partition of real estate. The referees gave notice of such sale, specifying that:

"The terms of sale are cash in hand or its equivalent. All bids accepted by the referees at said sale are subject to the approval of said court."

At the sale (the property having been appraised at $4,400), one Swan was a bidder, his bid on a cash basis being $5,200; but, on suggestion, or possibly request, of the defendant, Mary

Fraizer, the land was also offered on a basis of 10 per cent cash, and the balance in cash the first of the following March. Thereunder, Swan bid $6,125. This latter bid was accepted by the referees, and they so reported to the court; but before they filed their report, and before the court had acted thereon, Mary Fraizer filed objections to the report, and bid $6,500 for the property, on the terms of 10 per cent cash with the bid, and the balance in full on March 1st following. This matter then came before the court, in which all parties, including the purchaser Swan, appeared, and Mary Fraizer renewed her bid of $6,500 for the property above specified. The court thereupon made an order, in substance, that, if Mrs. Fraizer would deposit an additional 10 per cent of her offer within five days, she should be held to be the purchaser of the property, and that, if she failed so to do, then Swan's bid should be accepted. This order was made on September 3, 1926, and a confirmatory order was made on September 9th following, holding that Mary Fraizer had failed to make a deposit required by the court, and that the sale to Swan was confirmed; and the certified check deposited by Mrs. Fraizer for the 10 per cent was ordered returned to her by the clerk, which was accordingly done.

On the 14th of October following, Mrs. Fraizer served notice of appeal from this confirmation of the sale to Swan. She did not, however, put up an appeal or supersedeas bond. On January 21, 1927, Swan paid the balance of the purchase price, and a deed to him was confirmed by the court on that date.

One of the principal questions argued is that, so long as Mary Fraizer did not put up a supersedeas bond, the deed made to Swan and confirmed by the court passed title to Swan, 1. PARTITION: and therefore the question involved herein has sale: deed pending appeal: become moot. While appellees do not cite the effect. statute, we take it that their contention is based on Section 12878, Code of 1924, reading as follows:

"Property acquired by a purchaser in good faith under a judgment subsequently reversed shall not be affected thereby."

It will be noticed that, aside from the down payment, Swan did not pay his money and receive a deed until after the notice of appeal herein had been served. Can it be said, under these circumstances, that Swan is a good-faith purchaser, within the

meaning of this section of the statute, in event that the order made by the lower court in this case should be reversed by this court? We have held that a purchaser under these circumstances, pending an appeal, takes at his peril. *English v. Otis*, 125 Iowa 555; *Twogood v. Franklin*, 27 Iowa 239; *Frazier v. Crafts*, 40 Iowa 110; *Munson v. Plummer*, 58 Iowa 736; *Bartlett & Norton v. Bilger*, 92 Iowa 732. Therefore, the contention of appellees on the ground that the question has become moot is untenable.

It is further insisted that, because the certified check deposited by Mrs. Fraizer was returned to her, or received by her attorney, she thereby, in effect, withdrew her bid. We are disposed to believe that this contention has merit. The first requisite of a bid made by her or any other person was that there should be a 10 per cent cash deposit, or its equivalent, as a down payment, to insure the good faith of the bid. Under her contention, she made this deposit of a certified check, the value of which is not questioned. When she, or her attorney for her, accepted this check from the clerk of the court, even though the clerk was ordered to turn it over to her by the court, she then stood in a position of not having a valid bid which the court could accept, and she still stands in that position. In other words, if this case should be reversed by this court, there is no valid and binding bid in existence which this court could order the district court to accept, if we should determine that he should accept her bid.

2. PARTITION: sale: bid: cancellation.

But further, when the matter came before the court for hearing, he had a discretion to exercise, in the light of all of the surrounding facts and circumstances. The record is wholly silent as to what matters were placed before the court, whether any evidence was taken, or in fact whether the court acted on anything except the statements in the report and Mrs. Fraizer's objections thereto. He had a right to exercise his discretion in determining between these two bidders. Swan was a regular bidder, in the regular course of proceedings. Mrs. Fraizer came in at the eleventh hour with a proposed bid, and the court told her that, if she would bid higher than Swan, and would make a deposit of 20 per cent in cash or its equivalent,

3. PARTITION: sale: belated bidder: right to impose additional terms.

she should have the property.   We do not believe that the court, under these circumstances, abused its discretion.   As said, he had the whole matter before him, and there is nothing in the record to show that he did other than what was right between the parties.   One attacking such an order of court has the burden of satisfying us that the lower court abused his discretion in the matter.   In this respect appellant has failed.

In the light of the conclusion we have reached, the motion to dismiss the appeal ordered submitted with the case is overruled.—*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.