## LOYD ET AL. v. LOYD ET AL. AND WISNER, INTERVENOR.

1. **Partition:** SALE FOR INADEQUATE PRICE SET ASIDE. A sale by referees in an action for the partition of real estate is not complete until approved and confirmed by the court; (Code, sections 3300, 3301;) and when it appears that the sale was made for an inadequate price, it is the duty of the court, when moved by the parties in interest, to set aside the sale and order a resale of the land.

*Appeal from Hardin Circuit Court.*

TUESDAY, JUNE 12.

THE facts are stated in the opinion.

*Porter & Albrook,* for appellant.

*W. V. Allen,* for appellees.

SEEVERS, J.—This is an action for the partition of real estate. The court ordered that the premises be sold, and appointed a referee to make the sale at public auction "in forty acre tracts," and make a report of what he did to the court. The referee reported that he had offered each forty acre tract separately, but, as there were no bidders, he then offered the

entire tracts together, and that the intervenor, Wisner, bid therefor $1,200, and the same was struck off to him. This was supposed to be about $3.75 per acre. The purchase-money was paid to the referee, and he asked the court to approve the sale and conveyance made by him. The plaintiffs and defendants united in asking the court to set aside the sale, and to order a resale of the premises, on several grounds, none of which are sustained by the evidence except one, and that is that the premises were sold for a grossly inadequate price. A preponderance of the evidence fairly shows, we think, that the real estate was reasonably worth at the time of the sale $2,400, or one hundred per cent more than the amount the intervenor bid therefor, and the court set aside the sale and ordered the referee to again offer the land.for sale. In so doing it is insisted the court erred.

The statute provides: "After completing the sale, the referee must report his proceedings to the court," and, "if the sale is approved and confirmed by the court, an order shall be entered directing the referees, or any two of them, to execute conveyances pursuant to the sale." Code, §§ 3300, 3301.

The approval of the sale is essential. No conveyance can be executed until this has been done. A discretion is reposed in the court in the premises, not, however, of an arbitrary character, but a legal discretion, for which a valid and sufficient reason may be given. It is the right of the parties in interest to obtain the highest price they can, and they may ask the court to open biddings. "This is no wrong to the person who bid most at the former auction. His bid, though the highest, was but an offer to purchase, subject to the approval or disapproval of the court, and, in approving sales made in partition, it is the duty of the court to regard primarily the interest of the heirs." *Hamilton's Estate, Hays' Appeal*, 51 Pa. St., 58; *Childress v. Hurt*, 2 Swan, (Tenn.), 487. In this last case it is said: "Until confirmation of the report, the purchaser is not compelled to complete his purchase, nor is he entitled to a conveyance, nor to be let into possession of the estate;

neither is he liable for any loss or injury by fire or otherwise which may happen to the estate in the meantime."

In the case at bar, the evidence shows that the intervenor has contracted to sell "a large part" of the land at $9 per acre, if the sale should be approved. One witness testified that he would pay $1,760 cash for the land. This evidence is in no manner controverted. We think the circuit court properly exercised the discretion reposed in it in ordering a resale of the premises. Counsel for appellant insist that inadequacy of price alone is not sufficient to justify the court in setting aside a sale of this character. They have cited a large number of cases in which, it is said, this has been determined by this court. But in the cases cited the sales were all made by a sheriff under execution, or by a power expressly conferred upon a trustee, or the like. In such cases, no approval of the sale by the court is required, nor is any discretion reposed in it, as in the case at bar. In sales under execution, the right to redeem ordinarily exists. Not so in the case at bar, and a different rule exists in such cases. We believe it can be safely asserted that counsel have not cited any case in which it has been held that inadequacy of price is not sufficient to warrant setting aside a sale of this character. In England, an offer of an increase of ten per cent is regarded as sufficient. Here the increase offered is nearly fifty per cent. The ruling of the court is right, and must be affirmed. This disposition of the case renders it unnecessary to determine the motion filed by appellees.

AFFIRMED.