ROBERT DYER, Appellee, v. ALEX DYER et al., Appellees; WM. DEBRAGGIO et al., Objectors to referee's sale, Appellees; ALICE BOLES, Purchaser at referee's sale, Appellant.

No. 43074.

OCTOBER 15, 1935.

Henderson & Wilson, for plaintiff.

Frank A. Dapolonia and Oscar Strauss, for objector De Braggio.

A. V. Proudfoot, for objector Lillian Otte.

Leslie E. Francis, for Alice Boles.

PER CURIAM.—The issue in this case arises on objections to a referee's report of sale of real estate in a partition suit. The sale was at public auction and the property struck off to Alice Boles for $8,600, she being the highest bidder. One of the unsuccessful bidders at this sale was Wm. De Braggio, who filed objections to the approval of the referee's report and tendered another bona fide bid of $9,600. Two of the parties interested in the proceeds of the sale, one of them a party to the suit and the other an attachment creditor of another party to the suit, joined in these objections to the report of the referee. The court sustained the objections and refused to approve the report. The presiding judge then, in open court, with the bidders all present, re-offered the property, and there being no other bids, the property was struck off to Wm. De Braggio on his bid of $9,600, and the sale was approved and confirmed by the court. Alice Boles appeals.

There is but one question involving the merits presented on this appeal. Did the court abuse its discretion? It will serve no useful purpose to discuss this question at length. We think it is apparent from the mere statement of the facts that there was no abuse of discretion in the court by his actions obtaining $1,000 more money for distribution among the interested parties, owners of this real estate. This court is abidingly satisfied that there was no abuse of the trial court's discretion. Harney v. Crowley, 184 Iowa 1101, 169 N. W. 370; Loyd v. Loyd, 61 Iowa 243, 16 N. W. 117. The result we have reached by this opinion makes it unnecessary that we pass upon the motion to dismiss the appeal. The case is affirmed.—Affirmed.