[S. F. No. 922. Department One.—June 30, 1898.]

# HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. ROSA BEHNKE, Executrix, Appellant.

121 339
127 164
121 339
142 305,

FORECLOSURE OF MORTGAGE—SALE OF PARCELS EN MASSE.—Where a judgment for the foreclosure of a mortgage embraced ten parcels of land which were separately described, and ordered to be sold in satisfaction of the plaintiff's claim, and the administratrix of the deceased mortgagor was present at the sale but gave no directions respecting it or the order in which the parcels should be sold, and the sheriff offered each parcel for sale separately, and could effect a sale of only one separate parcel, it was proper for him to sell the remaining parcels *en masse*, to the plaintiff, as the highest bidder therefor, for the amount due upon the claim.

ID.—INADEQUACY OF PRICE—ASSESSED VALUE—APPRAISEMENT.—Where the lands were sold for an amount equal to their assessed value for the preceding year, and no attempt was made to show their value in the year when the sale was made, the court was not bound to s.t aside the sale for inadequacy of price because an appraisement of value, made two years previously in the administration of the estate of the deceased mortgagor, was very much greater than the amount bid at the sale.

ID.—RELATIVE VALUE OF PARCELS AND MASS—PRESUMPTION.—It must be assumed from the fact that the sheriff was unable to sell the several parcels separately, and could only sell them as a whole, that the lands were more valuable taken together than separately.

ID.—REFUSAL TO ALLOW REDEMPTION OF PARCELS.—The refusal of the mortgagee, after the sale, to fix a sum for which it would allow redemption of each of the parcels bought by it *en masse*, did not afford ground for setting aside the sale. The right of redemption is purely statutory; and any redemption must be of the land sold, and according to the parcels in which it is sold.

ID.—WITHDRAWAL OF BID.—The sale by the sheriff being at auction, the rule of auction sales, that a bidder may withdraw his bid at any time before the hammer falls, is applicable; and it was not irregular for a bidder for a parcel to withdraw his bid upon being informed by the sheriff, in answer to his inquiry, that the title to the land sold was not guaranteed.

ID.—PAYMENT UPON JUDGMENT—OMISSION FROM ORDER OF SALE.—The fact that a payment had been made upon the judgment of foreclosure, and that the order of sale, annexed to a certified copy of the judgment, issued subsequently to such payment, made no reference thereto, does not vitiate the order of sale; but the sheriff can only sell parcels enough to cover the amount actually due, although if he sells the lands as a single parcel for more than that amount, the sale is not void, and the surplus belongs to the judgment debtor; and where

the plaintiff bids for the property the exact amount due, after deducting the payment and the costs of sale, the sale is authorized.

ID.—ERROR IN COSTS—PRINTING POINTS.—An item of costs charged for "printing points" does not represent an obligation of the defendant, and the plaintiff was not authorized to include it in the bid for the amount due; but such error does not justify setting the sale aside.

ID.—TAXES PAID BY OWNER—DEDUCTION FROM JUDGMENT.—It is only the tax levied upon the security that the owner may pay and have the amount thereof deducted from the amount of the security; and where there was no assessment of the security, and the assessment for which the taxes were paid by the owner after the judgment of foreclosure had been rendered was upon the land without any deduction for mortgage or other obligation, the owner is not authorized to have the taxes so paid deducted from the judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to set aside a sale under foreclosure. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

A. Tobin, and Thomas F. Barry, for Respondent.

HARRISON, J.—This is an appeal from an order of the superior court of San Francisco refusing to set aside a sale of property made by the sheriff under an order of sale issued out of said court upon a judgment rendered therein for the foreclosure of a mortgage in favor of the plaintiff. The sale was made June 8, 1896. Notice of the motion to set aside the sale was made October 19th, and heard November 19th, and was denied December 1st.

1. One of the grounds of the motion is that several parcels of the land were sold en masse instead of separately. The judgment embraced ten parcels of land, which were separately described and ordered to be sold in satisfaction of the plaintiff's claim. The defendant was present at the sale, but gave no directions respecting it, or the order in which the parcels should be sold. The sheriff offered each of the parcels separately, and bids were severally made for two of them, but were withdrawn by the bidders before a sale was effected. One of the parcels was sold for seven hundred and fifty dollars to Mrs. Dillon. After the sheriff had offered each of the parcels without ob-

taining any purchaser for them, except in the case of the one sold to Mrs. Dillon, he offered the remaining nine parcels in a lump, and they were sold to the plaintiff for $11,954.

In thus making the sale the sheriff followed the rule approved in *Marston v. White,* 91 Cal. 37, and no facts are presented herein which take the present case out of that rule. One of the grounds urged by the appellant for setting aside the sale is that the property was sold for much less than its actual value, but the only evidence presented to the superior court in support of this proposition was the fact that two years prior to the sale the lands had been appraised at the sum of $38,125 by appraisers appointed therefor by the probate department of the court in the administration of the estate of the mortgagor. It was also shown that the lands had been assessed by the city and county assessor for the year 1894 at $12,870, and for the year 1895 at $12,490. No attempt was made to show their value in the year 1896, or at the time of the sale, and, as they were sold for $12,704, the court was not required, under the evidence before it, to hold that this amount was so inadequate to their value as to authorize it to set aside the sale.

Neither did the refusal of the plaintiff, after the sale, to fix a sum at which it would allow a redemption of either of the parcels bought afford a reason for setting aside the sale. The right of redemption is purely statutory, and unless the defendant brought himself within the statute he could not claim the right to redeem. The purchaser of land at a sheriff's sale acquires a right in the land which can be divested only in the mode and to the extent provided by the statute. The object of the statute in requiring a sale to be by parcels is to afford the judgment debtor an opportunity to redeem either of the parcels, but the mortgagee has a right to have the land sold in satisfaction of his claim, and if it cannot be effected in parcels the sheriff is authorized to sell it as a whole, unless otherwise directed by the judgment debtor. Any redemption from the sale must be of the land sold, and according to the parcels in which it was sold. It must be assumed from the fact that the sheriff was unable to sell the several parcels, and could only sell them as a whole, that the lands were more valuable taken together than separately.

2. When the first parcel was offered by the sheriff the plaintiff bid a certain sum therefor, but before it was struck off to it withdrew its bid. Another person present at the sale made a bid for another parcel, but withdrew his bid upon being informed by the sheriff, in answer to his inquiry, that the title to the land sold was not guaranteed. There was nothing irregular in this. The sale by the sheriff is by auction, and the rule of auction sales that the bidder may withdraw his bid at any time before the hammer falls applies to a sale by the sheriff. The contention of the appellant that there was a collusion between the sheriff and the plaintiff to bring about the sale of the land *en masse,* or that the sheriff sought to induce Struven to withdraw his bid, is not sustained by the record.

3. The judgment was rendered in favor of the plaintiff for the sum of $11,434, with interest from February 23, 1894, and was entered November 30, 1894. December 10, 1894, the sum of $881.50 was paid to the plaintiff, and a partial satisfaction to that amount filed by it. The order of sale, annexed to a certified copy of the judgment, was issued April 28, 1896, but no reference was made therein to the amount that had been paid upon the judgment; and it is urged by the appellant that this omission vitiated the order of sale, since it required the sheriff to make more money out of the lands than the plaintiff was entitled to receive. Section 684 of the Code of Civil Procedure, provides: "When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." The provision in section 682 that an execution for money shall state "the amount actually due thereon" does not apply to such order of sale. The sheriff is directed by such judgment to sell the lands or so much thereof as may be necessary to satisfy the plaintiff's claim. After he has sold parcels enough for this purpose his power ceases, and the sale of any further parcel would be unauthorized, but if he is authorized to sell them as a single parcel, and they are sold for more than the amount of the judgment, the sale is not void, and the surplus belongs to the judgment debtor. In

the present case, as the plaintiff bid for the property the exact amount due to it after deducting the aforesaid payment and the costs of the sale, there is no ground for the contention that the sale was unauthorized. The item of seven dollars for "printing points," etc., was not an obligation of the defendant, and the plaintiff was not authorized to include it in its account, but this error does not justify setting the sale aside.

The appellant, moreover, contends that the judgment should have been still further reduced by the sum of one hundred and seventy dollars for taxes upon the land for the year 1894, paid by the defendant after the judgment had been rendered. It appeared by the evidence on the part of the appellant that the mortgage was not assessed for that year, and that the assessment for which the taxes were paid was upon the land without any deduction for mortgage or other obligation. It is only the tax "levied upon the security" that the owner may pay and have the amount deducted from the amount of the security (Const., art. 13, sec. 4); and as there was no assessment of the security the defendant was not authorized to have this payment deducted.

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.