[Civ. No. 685. First Appellate District.—October 4, 1909.]

## JOHN BRICKELL COMPANY, a Corporation, Respondent, v. EDGAR EMANUEL SUTRO et al., Defendants; HENRIETTA L. B. SUTRO, Appellant.

APPEAL—NEW METHOD—SERVICE OF NOTICE NOT REQUIRED—UNTENABLE MOTION TO DISMISS.—Where an appeal is taken under the new method prescribed by sections 941a and 941b of the Code of Civil Procedure, as enacted in 1907, the notice of appeal is only required to be filed with the clerk of the trial court, and "need not be served upon any of the parties to the action or proceeding or their representatives or attorneys." This court has jurisdiction of an appeal so taken; and the same cannot be dismissed on motion of the respondent for failure to serve the notice of appeal by a defendant upon a defaulting codefendant.

ID.—FORECLOSURE OF MORTGAGE BY DEED—ATTORNEY'S FEES IMPROPERLY ALLOWED.—Where the complaint for foreclosure of a mortgage sets up a deed absolute in form intended as a mortgage

to secure promissory notes described, and nothing appears in the deed or notes as to attorney's fees, and no agreement between the parties is alleged that attorney's fees should be allowed to the mortgagee on foreclosure, it was error for the court to allow an attorney's fee to the plaintiff, and make the same a charge on the mortgaged property.

Id.—Averment as to Reasonable Fee Stricken Out—Judgment Unsupported.—Where the original complaint merely averred that the sum claimed is a reasonable attorney's fee in this action for services of plaintiff's attorney therein, and such averment was stricken out on motion, nothing appears in the complaint, as amended, sufficient to support the judgment for attorney's fee.

Id.—Order Modifying Judgment as to Attorney's Fee—Judgment Against Defaulting Defendant Unaffected.—The defaulting defendant, not having appealed, cannot claim the benefit of the appeal taken; and the order directing a modification of the judgment as to attorney's fees is to be understood as applying in favor of the appellant alone, and not affecting in any way the relief given against the defaulting defendant. [By Supreme Court on Petition for Rehearing.]

Id.—Effect of Sale on Respective Judgments—Deficiency Judgment.—The effect is that if the interest of the defaulting defendant in the property sells for enough to pay the debt, interest and costs, without the attorney's fee, the interest of the appellant can be sold only for what remains of the debt, interest and costs, without the attorney's fees, after applying on such debt, interest and costs the proceeds of the defaulting defendant's interest; and plaintiff will be entitled to a deficiency judgment against such defendant for whatever remains unsatisfied of the whole judgment including the attorney's fees, after applying the proceeds of the interests of both defendants therein, in the manner stated. [By Supreme Court on Petition for Rehearing.]

Id.—Taxes Paid by Owner of Property Mortgaged not Allowed as Credit on Mortgage Debt.—Where no taxes were assessed against the mortgage or the mortgagee's interest in the property, but the whole tax was levied against the property without any deduction on account of the mortgage, and was paid by the estate of the deceased owner, the taxes so paid cannot be deducted from the mortgage debt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. McKinstry, for Appellant.

J. C. Bates, for Respondent.

HALL, J.—Plaintiff brought this action to foreclose a mortgage executed by Edgar Emanuel Sutro. The defendant, Henrietta L. B. Sutro, is the wife of said Edgar, and is interested in the property involved by reason of being a grantee of an undivided portion thereof under a conveyance executed by said Edgar subsequent to the execution of the mortgage.

Edgar Emanuel Sutro defaulted, and judgment was taken against him by default. Henrietta L. B. Sutro appeared and answered, and after trial a judgment of foreclosure was entered. She moved for a new trial, and the motion was denied. She took separate appeals from the judgment and order, but both are presented to this court in one transcript.

Respondent insists that the appeal from the judgment should be dismissed because the notice of appeal was never served on Edgar Emanuel Sutro, appellant's codefendant. It is sufficient to say upon this point that under section 941a and 941b of the Code of Civil Procedure enacted in 1907, such service is not required. The appeals were taken in 1908, and fully complied with said sections, the latter of which provides that the notice of appeal must be filed with the clerk of the trial court and "need not be served upon any of the parties to the action or the proceeding, or their representatives or attorneys." This court therefore has jurisdiction to entertain the appeal.

The court allowed to plaintiff as and for its attorney fee in the foreclosure suit the sum of $2,500, and made the same a charge and lien against the property mortgaged. There is nothing in the complaint to support this part of the judgment.

The instrument set up as a mortgage is in form an absolute conveyance, described in the complaint as an indenture of assignment. It is alleged in the complaint that this assignment, "though absolute in form on its face, was intended and agreed by and between them to be held as security for the payment of said promissory note, and any and all other sums of money to be thereafter loaned to defendant Edgar Emanuel

Sutro by said John S. Brickell and evidenced by the promissory notes of said defendant Edgar Emanuel Sutro.''

The various notes sued on are set forth in the complaint, and none of them provide for the payment of any attorney's fee. The indenture of assignment is also made part of the complaint, and makes no provision for the payment of any attorney's fee on foreclosure, and it is nowhere alleged in the complaint that it was ever in any manner agreed that the mortgagor should upon foreclosure be liable for an attorney's fee, or that the property should be charged with a lien therefor.

The only reference to an attorney's fee upon foreclosure in the complaint is a statement in the complaint as originally filed, ''That the sum of two thousand five hundred ($2,500) dollars is a reasonable sum to be allowed as attorney fee in this action for the services of plaintiff's attorney.'' This allegation upon motion was by the court stricken out.

The court erred both in allowing an attorney's fee and in making the same a charge against the mortgaged property. (*Irvine* v. *Perry,* 119 Cal. 357, [51 Pac. 544, 949], and cases there cited.)

The only other error relied upon by appellant concerns the action of the court in refusing to allow any credit upon the amount found due, because of taxes assessed against the property mortgaged and paid by the estate of Adolph Sutro. These taxes were not assessed against the mortgage or the mortgagee's interest. The whole tax was levied against the property mortgaged without any deductions on account of the mortgage. The mortgage was not assessed at all. In such a case it has been decided that the owner is not entitled to deduct any such tax from the mortgage debt. ''It is only the tax 'levied upon the security' that the owner may pay and have the amount deducted from the amount of the security (Const., art. XIII, sec. 4) ; and as there was no assessment of the security, the defendant was not authorized to have this payment deducted.'' (*Hibernia S. & L. Soc.* v. *Behnke,* 121 Cal. 339, [53 Pac. 812].) The court therefore did not err in refusing to allow any deduction from the mortgage debt on account of taxes levied against the property but not against the security.

The order denying the motion for a new trial is affirmed and the cause remanded, with directions to the trial court to

modify the judgment by striking therefrom the amount allowed for attorney's fees.  In all other respects the judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1909, and the following opinion was then rendered thereon:

THE COURT.—The petition for transfer to the supreme court for a rehearing is denied.

As Edgar Emanuel Sutro did not appeal, he is not entitled to any relief or advantage from the appeal of his codefendant, Henrietta L. B. Sutro.  Hence, the order of the district court of appeal directing a modification of the judgment by striking out the amount allowed as attorney's fees is to be understood as applying in favor of Henrietta L. B. Sutro alone, and not as affecting in any way the relief given to the plaintiff against Edgar Emanuel Sutro.  The effect is that if his interest in the property sells for enough to pay the debt, interest and costs, without the attorney's fee, her interest will be exonerated; her interest can be sold only for what remains of such debt, interest and costs, without the attorney's fee, after applying on such debt, interest and costs, the proceeds of his interest; and plaintiff will be entitled to a deficiency judgment against Edgar Emanuel Sutro for whatever may remain unsatisfied of the whole judgment, including the attorney's fees, after applying the proceeds of the interests of both defendants thereon in the manner stated.