## In re GLAS-SHIPT DAIRY CO.

### KRAFT v. OTMAN.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1917.)

No. 2407.

1. BANKRUPTCY ⬤⟷257—SALE—WITHDRAWING BID.
    A sale through bankruptcy proceedings is a judicial sale, subject to the same rules as an auction; so that a bid may be withdrawn before the hammer falls.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. ⬤⟷257.]

2. BANKRUPTCY ⬤⟷260—SALE—ORDER.
    An order in bankruptcy, that the referee is authorized and directed to sell property, and that he give notice that he will receive sealed bids, and that on receipt of them he shall report them to the court with his recommendations, is not strictly an order of sale, but a direction to advertise for bids, and to submit them to the court with recommendations.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 360; Dec. Dig. ⬤⟷260.]

**3. BANKRUPTCY ☞257—SALE—WITHDRAWING BID.**
 The trustee in bankruptcy, ordered to receive bids for property and to submit them to the court with recommendations, having recommended that the only bid received be accepted, if it be increased a certain amount, it could, before it was accepted, be withdrawn.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. ☞257.]

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

In the matter of the Glas-Shipt Dairy Company, bankrupt. Petition of George Kraft against A. M. Otman, trustee in bankruptcy, was denied by the referee. From decree of the court affirming the order, petitioner appeals. Reversed, with directions.

Appeal from an order directing petitioner to pay the trustee in bankruptcy $29,500 and denying petitioner's petition to withdraw his bid on the real estate of the bankrupt. On May 11, 1916, the referee in bankruptcy, upon proper petition, ordered the trustee to receive bids on the sale of real estate situated in the city of Peoria. Material parts of the order were as follows: "It is therefore ordered, adjudged, and decreed by the court that the said A. M. Otman, trustee in bankruptcy as aforesaid, be and he is hereby authorized, directed, and permitted to sell and dispose of said property described as: * * * It is further ordered by the court that the said trustee give 10 days' notice in the Peoria Evening Star, and in such other way as said trustee may deem advisable, that he will receive sealed bids on the said real estate and personal property; that upon the receipt of such bids by the said trustee he shall report the same to the court, with his recommendations thereon."

Pursuant to the order a notice was given by the trustee, the material parts of which read as follows: "Public notice is hereby given that the undersigned will receive sealed bids for the real estate belonging to the Glas-Shipt Dairy Company * * * described as: * * * This property has been appraised at $40,000. * * * All bids must be filed with the * * * trustee not later than * * * May 23, 1916, * * * and will then be reported to the referee in bankruptcy for his action thereon," etc.

Kraft's bid, made May 22d, was the only one received.[1] It was for $29,500. The trustee in bankruptcy thereupon made formal report to the court, the important part being as follows: "Your trustee further reports that he is required by the said order of sale to report such bids as he might receive on the said property to the said court, together with his recommendations thereon. Your trustee therefore recommends that if the said George Kraft will increase his said bid to the sum of thirty thousand dollars ($30,000) for the property mentioned in the said bid that the same be accepted, all of which is respectfully submitted."

The referee thereupon, on May 27th, made an order, the material portion of which is as follows: "And it further appearing to the court that the said trustee has recommended that if the said George Kraft will increase said bid for said property mentioned to the sum of thirty thousand dollars ($30,000) that the same be accepted by this court. It is therefore ordered by the court that all parties in interest be and they are hereby ordered and directed to show cause before the undersigned referee in his office * * * in the city of Peoria * * * on the 5th day of June, 1915, why the said bid should not be accepted, and said property sold to the said George Kraft."

On June 3d, two days before the hearing, petitioner filed a petition withdrawing his bid and asking the court to permit him to withdraw it from the files. The referee denied the application and directed the trustee to collect the $29,500 from the bidder. The District Court affirmed the order of the referee.

---

Clarence W. Heyl, of Peoria, Ill., for appellant.

Ira J. Covey, of Peoria, Ill., for respondent.

Before KOHLSAAT, MACK, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] A sale through proceedings in bankruptcy is a judicial sale, subject to the same rules as an auction. The bidder may withdraw his bid at any time before the hammer falls. Hibernian Savings & Loan Society v. Behnke, 121 Cal. 339, 53 Pac. 812; Grotenkemper v. Achtermeyer, 11 Bush (Ky.) 222; Neb. T. & L. Co. v. Hamer, 40 Neb. 281, 58 N. W. 695; Blossom v. Railroad Co., 3 Wall. 196, 206, 18 L. Ed. 43.

[2, 3] Had the hammer fallen, so as to prevent the bidder from withdrawing his bid, on June 3d? The answer to the question turns upon the construction of the language of the order of sale and the action of the trustee thereunder. The so-called order of sale was somewhat inconsistent. Viewing it as a single order, it was a direction to advertise for sealed bids and to submit them to the court with recommendations. The trustee was the instrument by which the bids were to be received and transmitted to the court, which in turn stood in the place of the vendor. The notice of sale given pursuant to the order is consistent with this construction, and clearly indicates the trustee considered his duties restricted to receiving and reporting bids with recommendations. It was not, strictly speaking, an order of sale. The bidder's position was therefore not similar to a bidder at a public auction whose bid was accepted subject to the approval of the court.

Again the recommendation of the trustee was against the acceptance of the bid. If we are to draw any inference from the action of the trustee when the bid was received, it would be that the bid was rejected. Respondent relies upon In re Lane Lumber Co., 207 Fed. 762, 125 C. C. A. 300. The facts in the two cases are not alike. In the Lane Lumber Company Case the referee ordered the trustee to sell at private sale all of the real estate and personal property. The buyer made a written proposal containing among other things the following:

"As an evidence of my good faith in making this bid, I hand you herewith the sum of $1,000."

After the trustee petitioned the court to confirm the sale, but before hearing the same, the bidder asked to withdraw his bid, and his deposit. The trustee refused, and the action was brought to recover the money so deposited. The suit was dismissed.

Differing from the case at bar, the order was to sell the property. The sale was made subject to the approval of the court. Money was deposited and terms fixed by the bidder for its forfeiture. The bidder sought to recover the money so deposited contrary to the terms of the deposit fixed by himself. Petitioner's bid in the instant case had not been accepted, and nothing had occurred to prevent his withdrawing it. The court should have permitted him to do so.

The decree is reversed, with direction to enter an order permitting petitioner to withdraw his bid.