JAMES L. GRAY, Respondent, *vs.* ERMINE CASE, JR., Appellant.

1. *Sheriffs' sales—Purchaser, liability of—Contract.*—A. bought property at a sheriffs' sale, but the next morning informed the sheriff that he bought the property as agent for B., when the sheriff entered the name of B. on the sale book as purchaser, with a memorandum of the facts. *Held,* that the contract of sale and purchase was complete when the bid was accepted and entered on the sale book, and A. was liable for the purchase money.

*Appeal from Jackson Circuit Court.*

*Lay, Belch & E. Case Jr.,* for Appellant.

*Warwick Hough,* for Respondent.

The contract of sale and purchase was complete, when the property was struck off to appellant and his name was entered in the sale book as purchaser. The sheriff had no power to alter or affect that contract, and the rights of the execution creditors therein, by any subsequent alteration or amendment thereof, made by him.

WAGNER, Judge, delivered the opinion of the court.

This was a motion filed under the statute (1 W. S., 610-11, §§ 46, 47,) by the plaintiff as sheriff of Jackson county, for judgment against the defendant, for the difference in amount of bids at which defendant bought certain property at sheriff's sale, and which he refused to pay for, and what the property brought at a re-sale at the same term.

The testimony in the case shows that the property was sold under several executions, and that the defendant bid it in in his own name, and that the entry was made by the deputy sheriff who conducted the sale accordingly. The purchase money was not paid on that day, and on the next morning, the defendant informed the deputy that he did not bid for himself, but purchased for one Ellwood, and that Ellwood had concluded not to take the property.

The deputy then, the day after the sale, entered the name of Ellwood on the sale book as purchaser, accompanied with a memorandum of the facts; this was the first information that the officer had that defendant was buying for any person other than himself. Defendant was attorney in the executions but

there is no pretense that he was bidding in the property for his clients. Ellwood, whom he claims he bought for, was a stranger to all the proceedings.

I do not think the sheriff could release the defendant from his bids after the property was struck off to him. The contract of sale and purchase was complete when the bids were accepted and entered on the sale book.

The execution creditors then acquired rights which it was not competent for the officer by an alteration to divest.

The judgment in the court below was for the plaintiff. In my opinion, it was right and should be affirmed.

The other judges concur.