MARION S. SHEARER v. FREDERICK WHITEHAM SHEARER, Appellant.

**Partition.** In a partition proceeding, the mere fact that there is no satisfactory building spot on the land allotted to one of the parties, will not defeat a partition of the property in kind.

**Modification of referee's report.** As an action in partition is an equitable proceeding, the court may modify the report of the referees, and is not required to order another reference for that purpose.

*Appeal from Jefferson District Court.*— HON. ROBERT SLOAN, Judge,

WEDNESDAY, OCTOBER 26, 1904.

THE plaintiff is the widow and the defendant the son of Frederick J. Shearer, who died intestate, seised of seventy-four and one-half acres of land. This is a suit in equity, alleging that the plaintiff owns the undivided one-third and the defendant the undivided two-thirds of said land, asking the confirmation of said shares and the partition of the land by metes and bounds. The respective shares were confirmed, and referees were appointed under the provisions of section 4253 of the Code to make partition. This they did, allotting the plaintiff twenty-one acres of land, upon which were situated the buildings and other improvements on the tract, and to the defendant the remaining fifty-three and one-half acres. Objection was made to the report by the defendant on the ground that the land was not readily divisible into shares, and because the allotment was unjust and inequitable. Issue was joined thereon, evidence was heard, and the entire question was tried by the district court. Judgment was entered modifying the report to the extent of reducing the allotment to the plaintiff to nineteen acres, and, as thus modified, it was confirmed. Both parties appeal.— *Affirmed.*

*I. D. Jones* and *Leggett & McKemey,* for appellant.

*E. F. Simmons,* for appellee.

SHERWIN, J.— There is some conflict in the testimony as to whether the land can be partitioned in kind without injury to the defendant's interest therein, but we are satisfied from a careful reading of the entire evidence that he will suffer no disadvantage by such a partition. It fairly appears that the land allotted to him is of a better quality and of a much smoother surface than that allotted to the plaintiff, and the mere fact that there is no spot thereon which suits him for the location of a house should not compel a sale of the entire tract. In a partition proceeding the

shares are to be made as nearly as possible of equal value under ordinary conditions. Such would be the mandate of equity were it not required by the statute. In this case, as in almost every one involving the valuation of property, there is a difference of opinion among the witnesses as to the respective value of the allotments. We think, however, that. the trial court arrived at a just conclusion in the matter, although we should not feel like disturbing its judgment had it confirmed the report of the referees without modification.

It is said that the court had no power to modify the report, and should have referred it back to the same or other referees. This is the rule in law actions. *Lyons v. Harris,* 73 Iowa, 292; *Stroup v. Bridger et al.,* 124 Iowa, 401. But the statutes expressly provide that partition shall be by equitable proceedings, and the rules governing reference in law cases have no applicability in chancery proceedings. It is a general principle of equity that when the jurisdiction of the court has once attached, it may try and determine any question properly presented in the case, and one of the fundamental reasons why partition should be made in a court of equity is because such court may equalize the allotments and do justice to all. Story's Equity Jurisprudence, section 655. Furthermore, it seems to be conceded by both parties that the case is before us for trial *de novo,* and, if such is the case, there must have been a trial on the merits before the district court.

We think the judgment of the district court is right, and it is *affirmed.*