SARAH BROWN ET AL., v. JOHN TRAUL ET AL.
Appellants.

**Partition:** SALE OF MINORS INTEREST: VACATION OF SALE: APPOINTMENT OF GUARDIAN. Where minors are interested in property sought to be partitioned, for whom no guardian has been appointed and they have in no manner been represented in the proceedings leading up to the sale, the court should refuse to approve a sale of the property but direct that it be resold, rather than appoint a guardian on an application to approve the sale and ratify the proceedings had; and a proposed purchaser cannot complain of such an order, for until an approval of the sale he acquires no vested right in the property.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, JANUARY 19, 1909.

THIS is an action for the partition of real estate. There was a decree confirming shares. Appraisers and a sole referee were appointed. The referee reported a sale to Nina A. Campbell, alleged intervener and appellant. Because of irregularities in prior proceedings, the court reopened the decree confirming shares, and modified the same, and refused to approve the sale reported by the referee. It was ordered that the land be reoffered for sale at public auction. The purchaser, Nina A. Campbell, appeals. *Affirmed.*

*Jaques & Jaques,* for appellant.

*Walter H. McElroy, Cornell & Gilles,* and *Steck, Daugherty & Steck,* for appellees.

EVANS, C. J.—Thomas Traul died seised of about forty acres of land, being the tract involved in this proceeding. He died intestate, leaving five children as his only heirs at law, namely, Sarah Brown, John Traul, Iva Traul, Emma Ella Traul, and Lydia Traul. The first two were adults and the last three were minors.

On January 6, 1906, the plaintiff filed her petition, in which Lydia Traul was not made a party defendant. The petition averred that the plaintiff and the other three children who were named as defendants owned each an undivided one-fourth of the real estate as the only heirs at law of the decedent. On January 12, 1906, she amended her petition, making Lydia Traul a defendant, but averring that she had no right or interest in the real estate. On April 7, 1906, a decree was entered confirming the shares of the parties as averred in the petition, awarding to plaintiff and to each of the first three defendants named a one-fourth share of the premises, and denying to Lydia Traul any interest therein. No guardian *ad litem* was appointed for the minor defendants, nor does the abstract show what, if any, notice was served upon them.

On January 11, 1907, appraisers were appointed in pursuance of the decree, and one of such appraisers was also appointed as sole referee to sell the land. The appraisers' report purported to be made on January 12, 1907, but was not filed until February 11, 1907. This report appraised the value of the land at $2,310. On February 2, 1907, the referee filed a report of sale of the land to Nina A. Campbell for $3,300. On February 5, 1907, Caroline Mingus, as guardian of the minor defendants, appeared in their behalf, and asked that the former decree be reopened, and that the minor defendant, Lydia, be awarded a one-fifth share in said real estate. On February 11, 1907, plaintiff and the defendant John Traul and Nina A. Campbell, the purchaser, all joined in an application for a modification of the former decree, and

conceded that the right of Lydia to a one-fifth share of the
real estate should be recognized, and asked for the ap-
pointment of a guardian ad litem for all of the minor de-
fendants, and further asked that all the prior proceedings
in the case be otherwise ratified and confirmed after the
appointment of such guardian ad litem. On the same day
Seneca Cornell was appointed guardian ad litem for all
the minor defendants. On February 12, 1907, Caroline
Mingus, the guardian, and Seneca Cornell, the guardian
ad litem, filed objections to the proposed ratification of
prior proceedings, and particularly to the approval of the
proposed sale reported by the referee, on the ground that
such proceedings were had without jurisdiction, and be-
cause of inadequacy of price. On February 28, 1907, the
court modified the former decree, and confirmed the shares
of the five children at one-fifth each, and refused to ap-
prove the sale. On the contrary, it ordered that the land
be reoffered for sale at public auction. The purchaser,
Nina A. Campbell, as an alleged intervener, appeals. It
is not clear to us how Nina A. Campbell has any stand-
ing in this court in the prosecution of this appeal. She
is described as an intervener, but we find no indication
in the record of any intervention on her part other than
that her name is included with others in the motion to
modify the decree. This question, however, has not been
raised by the appellee, and we shall therefore assume that
she became a party to the case in some proper way.

The facts appearing in the foregoing recital furnished
abundant ground to the trial court to refuse its approval
to the sale. The minors had no guardian or representa-
tive looking after their interest during any of the proceed-
ings antedating February 11, 1907. To ratify all such
proceedings after the appointment of a guardian ad litem
would have served only to legalize the irregularity in the
proceedings, and to have quieted the title of the proposed
purchaser. It would not have enabled the guardian ad li-

*tem* to protect in any manner the interests of his wards in the proceedings and transactions leading up to the proposed sale. The intervener as a proposed purchaser had no vested right, certainly none paramount to the right of the minors to be represented by legal guardian. The intervener was in legal contemplation only a bidder. The bid could not become effective as a purchase until approved by the court. Until such approval neither the bidder nor the estate was bound. The irregularity in the proceedings as affecting the right of the minors was sufficient of itself to justify the court in withholding its approval under the provisions of sections 4226 and 4269 of the Code.

It was made to appear at the hearing that there were other bidders who were ready to pay a substantially larger sum for the land than the intervener's bid. There were other circumstances which were quite prominent in the hearing, and which we do not care to discuss. They tend at least to show facts, which of themselves would justify the court in disapproving the sale.

There was no error in the action of the trial court, and its order is *affirmed.*