Gore v. Burdette.

## LULU W. GORE et al., Appellants, v. WILLIAM C. BURDETTE et al., Respondents.

### Kansas City Court of Appeals, January 5, 1914.

1. **JUDICIAL SALES: Partition: Failure of Bidder to Take Property: Liability.** A sheriff was selling land in partition under a decree which erroneously found that the deceased owner had a fee therein. He had only the life estate of another in half of the land and plaintiffs knew it, but nothing was said about it at the sale. A bidder who had arranged to borrow enough money to buy the land if the title was good, but who knew nothing of the defective title, bid $5000 for the land. As it was being stricken off to him and before a memorandum of the sale had been entered in the sale book and before any of the bystanders had left, the bidder told the sheriff his bid was on condition that the title could be examined. The sheriff refused to accede to this. Whereupon the bidder told him to let the next lowest bidder have it or put the land up again. The sheriff refused to do this and demanded of the bidder the amount of his bid. Not receiving it, the sheriff readvertised the land and sold it seven months later for a less sum. He moved for judgment against the above bidder for the difference. *Held*, that the bid was conditional, and the sheriff had no right to treat it as an unconditional bid and attempt to hold the bidder therefor, but he should have at once reoffered the land for sale; that as said bid was conditional and made so before it became complete, the bidder was not liable therefor.

2. ———: **Duty of Officer Conducting.** In conducting a judicial sale in partition the sheriff acts as agent of plaintiffs and defendants and whatever discretion he has in conducting the sale must be exercised fairly and impartially for the benefit of all concerned.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

AFFIRMED.

*George W. Groves* and *O. W. Watkins* for appellants.

*William E. Stringfellow* for respondents.

TRIMBLE, J.—At the May term, 1912, a decree was rendered by the circuit court of Buchanan county, Missouri, in the case of Lulu W. Gore et al. v. William C. Burdette et al. wherein the court found that William I. Burdette at the time of his death *was the owner in fee simple* of certain real estate in said county, and the same was ordered sold by the sheriff in partition.

Pursuant to this order the sheriff advertised the land for sale in partition at the courthouse door. At the sale the respondent herein, William C. Burdette, made a bid of $5000 for the land. He claims his bid was made on condition that the title was found to be good. The sheriff claims that his bid was unconditional, and that he, the sheriff, accepted it and struck the land off to him at that price. Respondent refused to pay the amount of his bid. The sheriff reported the fact that he had offered the land for sale, that respondent had bid $5000 for it and that the land was stricken off to him for that price but that respondent had failed to pay his bid. Thereafter the sheriff readvertised the land and sold it some months later to A. D. Blythe for $3701. He then filed a motion, pursuant to the statute, section 2223, Revised Statutes 1909, to recover the difference between the bid of $5000 and the one of $3701. The circuit court heard the evidence on the motion and found in favor of respondent. The sheriff and one of the heirs appealed.

A number of interesting questions have been raised and discussed by the briefs. It is unnecessary to pass upon them however inasmuch as the case may be properly disposed of without that.

The trial court heard the evidence and found for respondent. No declarations of law or finding of facts were asked or given. Consequently, if there is any evidence in the record to support the finding, we must defer to it.

The respondent wanted to bid on the property, but not having sufficient money with which to buy, made arrangements with Mr. S. J. Blythe to obtain a loan on the land provided the title was good. Respondent therefore went to the sale prepared to bid on the land on those terms. The decree recited that the deceased owner, whose estate was being partitioned, owned the fee simple title to the land. As a matter of fact in about one-half of the land he owned merely the life estate of another. There was evidence tending to show that plaintiffs in the partition suit knew this but that respondent herein, who was a defendant in the partition suit, did not. There was also evidence to the effect that no announcement was made as to this defect in the title, merely the reading of the notice or advertisement of the sale which recited that it would be made pursuant to the decree of court.

There was ample evidence tending to show that when the land was put up, the respondent, to quote the language of one of the witnesses, "finally made a bid of $5000 and it was knocked off to him, *and right forthwith, immediately,* he said to the sheriff, "that is on condition I investigate the title and if the title is not good the money I put up now is to come back to me." The sheriff hesitated awhile, and Mr. Groves, as I remember, or some lawyer, talked to him, and then Burdette says, 'It won't do, I don't want it at all unless I can investigate the title.' Q. What was said about the sheriff going on and selling it to somebody else? A. Mr. Burdette says, 'If you won't let the bid below have it, put it up and sell it to some body else, sell it again.' Q. What did the sheriff say to that? A. Said he wouldn't do it. Q. At the time

this conversation you have related occurred had anybody left—was everybody there? A. All there. Q. Was there any change in the circumstances at all or did it all occur at once? A. All occurred at once; nobody left.''

At another place this witness testified that ''the sale was being cried and he (respondent) made the bid, and just as it was knocked off to him he said, 'On conditions that I have a chance to investigate the title.' ''

This evidence was corroborated by other testimony to the same effect. Also that when the sheriff refused to accede to those conditions the respondent told him that if he did not want to let respondent have it that way, to ''sell it to the next bid below or to put the land up and sell it again right then and there.''

It is true there was evidence tending to prove that the bid was unconditional and that the facts were otherwise than as above stated. But the finding of the trial court in respondent's favor requires us to accept as true the facts outlined above. From these facts it appears that respondent's bid was a conditional one. Under such circumstances the sheriff could not declare it an unconditional bid and hold the bidder therefor. The fact that the respondent made his bid and then, ''right forthwith immediately,'' as the land was being stricken off to him, and before any entry of sale had been made and while the crowd was still there, he coupled a condition with his bid, does not prevent it from being conditional. A sheriff's sale is complete when the bid has been accepted and entered on the sale book. [Gray v. Case, 51 Mo. 463.] When the sheriff refused to consent to the condition, and was told by respondent to sell to the next lowest bidder or put the land up again, the sheriff should have put it up again instead of thereafter entering the bid as unconditional on the salé book and then attempting to hold the bidder therefor. In conduct-

ing the sale the sheriff was acting as the legally con-stituted agent of plaintiffs and defendants in the par-tition suit, of whom the respondent herein was one; and whatever discretion he was vested with in the con-duct of the sale must be fairly and impartially exer-cised for the benefit of all concerned. [25 Am. & Eng. Ency. of Law, 771.] The sheriff was not obliged to treat the sale as made, and endeavor to collect the purchase money from the bidder. [25 Am. & Eng. Ency. of Law, 773.] If the bidder wrongfully refused to make his bid good, such act was one for which the sheriff was in no way responsible since he had no con-trol over the bidder. [Roberts v. Westbrook, 1 Coldw. (Tenn.) 115.] These remarks are not made in criti-cism of the sheriff's conduct in any way, but simply to state the legal rights and duties involved. No doubt the whole thing took place in an exceedingly short space of time and under these circumstances no blame should attach to the sheriff for doing as he did, since it was in the line of his general duty to obtain as large a price for the land as possible.

The judgment of the circuit court is affirmed. All concur.