JAMES R. HARNEY et al., Appellees, v. MICHAEL CROWLEY et al., Appellants.

PARTITION: Rejecting High Bid. A high bid at a good-faith referee's sale, when presented for approval, should be rejected when at said time, a bona-fide and substantially higher bid is presented. So held where the subsequent bid was, on a 218-acre farm, some $4,000 in excess of the bid at referee's sale.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

NOVEMBER 22, 1918.

Suit in partition of real estate. The controversy has arisen over the report of the sale of the referee. The defendants filed objections thereto, on the ground that the price was inadequate. The objections were overruled, and the defendants appeal.—*Reversed and remanded.*

*Dugan & Dugan,* for appellants.

*Harry Wifvat,* for appellees.

EVANS, J.—A decree of partition was entered, without exception or controversy, April 21, 1917, whereby it was ordered that the property be sold by the referee therein named, either at private or public sale, and whereby appraisers were appointed to view the property and to appraise the value. The appraisers filed a report on April 25th, fixing the value at $140 per acre. No objections were made to this appraisal. Two months later, pursuant to proper notice, the property was offered at public sale, and sold to the highest bidder at $143.50 per acre. Such bidder was the plaintiff, who was the owner of the undivided two thirds of the premises. The defendants, being the owners of the other one third, filed objections to the report of the referee. As a part of their objections to the report of the referee, the defendants offered to produce a purchaser at a much higher price than the bid made by the plaintiff. At the hearing upon the objections, the range of difference upon the valuation by the different witnesses was as high as $90 per acre. Witnesses on the one side placed the valuation at a minimum of $135 an acre; whereas, witnesses for the other side placed the valuation as high as $225 per acre. As between these estimates, the ascertainment of the real value was a matter of considerable speculation.

The sale was conducted openly and fairly by the referee. Nevertheless, the highest bid was, in a legal sense, only an offer, and so continued until presented to and approved

by the court. At the hearing before the court, the defendants produced a witness who offered to pay for the land $163 per acre. This was an advance of $19.50 per acre upon the bid presented to the court for approval. The witness Carmody, who made such bid, is conceded to be financially responsible, and able to perform the same. The question presented for our consideration is whether the discretion of the trial court was so broad as to preclude us from reviewing the particular order of approval entered in this case. We think the district court should be deemed to have a large discretion in this class of orders, and that it is not necessarily bound to refuse its approval of the highest bid at a referee's sale simply because somebody raises the bid at the time of presentation. It has, however, at all times, the undoubted power to refuse its approval of the high bid at the sale. Theoretically, it must be true, also, that a situation may be created at such time as to make it the imperative duty of the court to refuse its approval. Whereas it may exercise its broad discretion to refuse a slightly higher bid, yet such discretion must become narrower in proportion as the increased bid should become larger. It must be true, theoretically, therefore, that the increased bid could be so large as to render it the imperative duty of the trial court to refuse its approval of the bid presented by the report of the referee. When that point is reached in a given case may not always be a question of easy solution. In the present case, the farm consisted of 218.75 acres. The increased bid, therefore, was an increase of over $4,000. We think the increase was too substantial to justify the court in approving the original bid, even in the exercise of its very broad discretion. The plaintiff, as bidder at the referee's sale, had no legal standing to demand an approval. His bid was an offer, and nothing more, and bound no party in interest until it had obtained the approval of the court. We are constrained to say, therefore, that the

court erred in its approval of the referee's sale to the highest bidder, under the circumstances here presented. The court had full power to modify the report of the referee. *Shearer v. Shearer,* 125 Iowa 394. Its order of approval must be, accordingly, reversed. The case will be remanded to the district court for such further proceedings as the interests of the parties demand, with full power to such court to order a resale, either public or private, upon appropriate notice.—*Reversed and remanded.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.