AUGUST DAMROW et al., Appellees, v. IOWA & OMAHA SHORT LINE RAILWAY, Appellees, et al., Appellant.

**RECEIVERS: Sale—Right of High Bidder.** The high bidder at a receiver's sale, which is made without right to redeem, and subject

to the court's approval, acquires no vested right to have his bid confirmed, notwithstanding a subsequent and more advantageous bid filed with the receiver and duly reported to the court; and especially may not such high bidder complain, when he made no effort to have his bid confirmed until after the court had confirmed the subsequent bid.

*Appeal from Pottawattamie District Court.*—J. B. ROCKAFELLOW, Judge.

FEBRUARY 9, 1921.

IN the district court, this was a proceeding to foreclose a trust deed upon the property of the Iowa & Omaha Short Line Railway Company. Decree of foreclosure was entered, receivers appointed, and sale ordered by the receivers, "subject to the approval of the court." The sale was to be without redemption. Pursuant to notice, a public sale was held on October 30, 1916, at which two formal written bids were made, the highest being that of Sonken. At such sale he was proclaimed as the highest bidder. The notice of sale expressly stated that such sale would be subject to the approval of the court. Such condition was orally announced at the sale, and was fully understood by all bidders. It was also publicly stated that all bids would be reported to the court for approval or disapproval on November 8th following. Sonken's bid was $21,250. On November 8th, Wickham, learning for the first time that the property had been offered for sale, presented a bid of $21,500. All the bids received, including Wickham's, were reported by the receiver to the court. Sonken did not appear before the court on November 8th, nor did he file any objection to the consideration of other bids than his own. The court approved the bid of Wickham, and directed the receiver to convey the property to him, upon payment of the full purchase price, all of which was done on such date. Thereafter, on November 9th, Sonken appeared, and filed a motion to set aside the sale to Wickham and to confirm his own. He obtained a temporary injunction against Wickham, to restrain disposition of the property. On November 13th, upon full hearing, his motion was overruled, and the temporary injunction dissolved. On December 30, 1916, he appealed to this court, without ob-

taining any restraining order to maintain the *status quo*. No party to the decree of foreclosure has complained of the action of the court.—*Affirmed*.

*Gurley & Fitch, H. V. Battey,* and *Ringolsky & Friedman,* for appellant.

*J. J. Hess,* for appellees.

EVANS, C. J.—The general contention for Sonken is that, by virtue of his bid, such a right to confirmation vested in him that it was beyond the power and discretion of the court to deny it. The argument is that he was the highest and best bidder at the sale, and that Wickham had no right to present a bid thereafter, and that the court had no right to consider the bid which Wickham presented. Authorities are cited from other jurisdictions in support of this contention. We have little occasion to deal here with authorities from other jurisdictions, for the reason that there is abundant conflict to be found there. Cases from other jurisdictions holding the contrary view are cited and quoted from in our recent case of *Saunders v. Stults,* 189 Iowa 1090. It is enough that the question is not *res integra* in this state, and that we have no occasion to look beyond our own cases thereon.

Code Sections 4266 and 4269 provide as follows:

"Section 4266. If the sale is approved and confirmed by the court, an order shall be entered directing the referees, or any two of them, to execute conveyances; but no conveyances can be made until all the money is paid, without receiving from the purchaser a mortgage on the land so sold, or other equivalent security.

"Sec. 4269. If the sales are disapproved, the money paid and the securities given must be returned to the persons respectively entitled thereto."

The power of a receiver is analogous to that of a referee. Under Code Section 3824, the power of a receiver is defined, and made "subject to the control of the court or judge." In *Loyd v. Loyd,* 61 Iowa 243, the court refused the approval of a sale, though no higher bidder was presented. The bidder appealed

from such order of refusal. The order was affirmed here. In that case, we said:

"The statute provides: 'After completing the sale, the referee must·report his proceedings to the court,' and, 'if the sale is approved and confirmed by the court, an order shall be entered directing the referees, or any two of them, to execute conveyances pursuant to the sale.' Code Sections 3300, 3301. The approval of the sale is essential. No conveyance can be executed until this has been done. A discretion is reposed in the court in the premises, not, however, of an arbitrary character, but a legal discretion, for which a valid and sufficient reason may be given. It is the right of the parties in interest to obtain the highest price they can, and they may ask the court to open biddings. 'This is no wrong to the person who bid most at the former auction. His bid, though the highest, was but an offer to purchase, subject to the approval or disapproval of the court, and, in approving sales made in partition, it is the duty of the court to regard primarily the interest of the heirs.' *Hamilton's Estate, Hay's Appeal*, 51 Pa. St. 58; *Childress v. Hurt*, 2 Swan (Tenn.) 487. In this last case it is said: 'Until confirmation of the report, the purchaser is not compelled to complete his purchase, nor is he entitled to a conveyance, nor to be let into possession of the estate; neither is he liable for any loss or injury by fire or otherwise which may happen to the estate in the interim.' * * * Counsel for appellant insist that inadequacy of price alone is not sufficient to justify the court in setting aside a sale of this character. They have cited a large number of cases in which, it is said, this has been determined by this court. But in the cases cited the sales were all made by a sheriff under execution, or by a power expressly conferred upon a trustee, or the like. In such cases, no approval of the sale by the court is required, nor is any discretion reposed in it, as in the case at bar. In sales under execution, the right to redeem ordinarily exists. Not so in the case at bar, and a different rule exists in such cases."

In *Brown v. Traul*, 140 Iowa 728, the appellant was the highest bidder at a sale by referee, and claimed the right to a confirmation of the sale. It is true that, in that case, the rights of minors were involved, no guardian ad litem having been

appointed for them. On the question involved herein, we said in such case:

"The intervener, as a proposed purchaser, had no vested right, certainly none paramount to the right of the minors to be represented by legal guardian. The intervener was, in legal contemplation, only a bidder. The bid could not become effective as a purchase until approved by the court. Until such approval, neither the bidder nor the estate was bound."

In *Harney v. Crowley*, 184 Iowa 1101, the question was before us. The appellee was the high bidder at a sale by referee. His bid was in good faith, and without fraud. The referee reported the sale, and asked confirmation. The parties in interest filed objections on the ground of inadequacy of price. On the hearing, a witness offered a substantially larger price. The court below ignored this higher offer, and confirmed the sale to the appellee. We held here on appeal that the larger price offered at the hearing by the witness was not only a sufficient reason for refusing the approval of the lesser bid, but that, in view of its large excess over the bid of appellee, it was a compelling reason, and that the court ought to have refused approval. We said:

"The sale was conducted openly and fairly by the referee. Nevertheless, the highest bid was, in a legal sense, only an offer, and so continued until presented to and approved by the court. At the hearing before the court, the defendants produced a witness who offered to pay for the land $163 per acre. This was an advance of $19.50 per acre upon the bid presented to the court for approval. The witness Carmody, who made such bid, is conceded to be financially responsible, and able to perform the same. The question presented for our consideration is whether the discretion of the trial court was so broad as to preclude us from reviewing the particular order of approval entered in this case. We think the district court should be deemed to have a large discretion in this class of orders, and that it is not necessarily bound to refuse its approval of the highest bid at a referee's sale simply because somebody raises the bid at the time of presentation. *It has, however, at all times, the undoubted power to refuse its approval of the high bid at the sale.* Theoretically, it must be true, also, that a situation may be

created at such time as to make it the imperative duty of the court to refuse its approval. Whereas it may exercise its broad discretion to refuse a slightly higher bid, yet such discretion must become narrower in proportion as the increased bid should become larger. It must be true, theoretically, therefore, that the increased bid could be so large as to render it the imperative duty of the trial court to refuse its approval of the bid presented by the report of the referee. When that point is reached in a given case may not always be a question of easy solution. In the present case, the farm consisted of 218.75 acres. The increased bid, therefore, was an increase of over $4,000. We think the increase was too substantial to justify the court in approving the original bid, even in the exercise of its very broad discretion. The plaintiff, as bidder·at the referee's sale, had no legal standing to demand an approval. His bid was an offer, and nothing more, and bound no party in interest until it had obtained the approval of the court. We are constrained to say, therefore, that the court erred in its approval of the referee's sale to the highest bidder, under the circumstances here presented. The court had full power to modify the report of the referee. *Shearer v. Shearer*, 125 Iowa 394.''

In *Central Tr. Co. v. Gate City Elec. St. R. Co.*, 96 Iowa 646, the question here involved was quite fully considered. In that case, there had been a decree of foreclosure and an order of sale to be made by a commissioner without redemption, the sale to be subject to the approval of the court. A public sale was had, and a purported acceptance of a bid thereat, which was reported by the commissioner to the court for confirmation. Objections were filed by the parties in interest to the report of the commissioner, and to the bid as inadequate. The court overruled the objections and confirmed the sale. The bidder was Hubinger, and he was the only appellee in the case. The order of confirmation was reversed in this court. We said:

''No one contests the application for a resale except Hubinger. In this respect, the case is somewhat peculiar. He is not a creditor, nor has he any interest except such as arises from his bid.. It should be borne in mind that the only authority possessed by the commissioner was to receive and report the highest and best bid for the consideration· and action of the court.

Hubinger's situation is such that his right to resist, or even question, the application for a resale is questionable. He stands as one who has made an offer and is awaiting an acceptance. It is not as in case of the sale of property on execution. Mr. Freeman, in his work on Executions, says (Section 311): 'It must be remembered that there is a vast difference between execution sales and those made under decrees of chancery or probate courts in respect to the rights of the purchasers and the powers of the courts. In sales made under decrees, and which may, therefore, properly be called "judicial sales," when the proceedings are reported to the court, the purchaser is simply a preferred bidder. The court is not bound to accept the bid, and may, in its discretion, refuse to confirm the sale for many reasons which would have no application where the purchase was made under execution.' In Rorer on Judicial Sales (Section 106), treating of the confirmation of sales, it is said: 'Until confirmed by the court, the sale confers no rights. Until then it is a sale only in a popular, and not in a judicial or legal sense. The chancellor has a broad discretion in the approval or disapproval of such sales. "The accepted bidder," says the Supreme Court of Kentucky, "acquires * * * no independent rights, as in case of a purchaser under execution, to have his purchase completed;" but is merely a preferred proposer, until confirmation * * * by the court, as agreed to by its "ministerial agent." In the exercise of this discretion a proper regard is had to the interest of the parties and the stability of judicial sales.' In *Hays's Appeal*, 51 Pa. St. 58, which was a sale of land in a proceeding for a partition, it was said: 'Heirs of a decedent, when parties to a proceeding for partition in the orphans' court, stand in no relation of trust or confidence to the bidders at the orphans' court sale; and even the highest bidder, whose bid has been returned to the court as the best offer, has acquired no right which debars the heirs or their counsel from endeavoring to have his bid rejected, and a resale ordered. It is their right to have as much obtained for the property as can be, and until a sale has been made and confirmed, they may seek for purchasers who are willing to give more than was offered at the public auction. His bid, though the highest, was but an offer to purchase, subject to the approval or disapproval of the court;

and in approving sales made in partition, it is the duty of the court to regard primarily the interests of the heirs.' This language is significantly applicable to this case. Nearly all the parties affected by the decree and order of sale ask a resale, and none object to it. The case is made to turn squarely on the rights of the bidder, and we nowhere find an authority that gives him a favorable, if even any, standing in court for that purpose. His reliance, by way of authority, is largely upon cases of sales on execution, where a different rule applies under universal authority. He also cites such cases as *White v. Wilson,* 14 Ves. 151, and *Mining Co. v. Mason,* 145 U. S. 349 (12 Sup. Ct. Rep. 887), where the proceedings were to open sales after confirmation. It needs no argument to show that a different case is then presented, for, by the confirmation, legal rights are obtained. It is the acceptance that completes the sale. Considerable space is devoted in argument to the rule that sales will not be set aside for inadequacy of price unless the inadequacy is so great as to shock the conscience. That rule does not obtain in this class of cases."

In the recent case of *Saunders v. Stults,* 189 Iowa 1090, the same question is fully discussed. Therein we said:

"The appellants' contention overlooks material facts: that is, that the receiver was simply the officer or agent of the court; that this sale was not a completed sale; that it was not in the power of the receiver to make a completed sale which would bind the court to its confirmation; and that those who buy at a receiver's sale, such as we have in this case, take with knowledge of the fact that the contract of sale is not binding on the receiver until the same is presented to the court and approved by the court; that a sale such as we have here is a sale without the right of redemption."

The opinion in this latter case contains many excerpts from cases in other jurisdictions which we need not reproduce. Under our foregoing cases, the trial court acted within its lawful discretion in refusing the Sonken bid, regardless of whether there was a higher bid or not. Even if Wickham's bid were illegal, as having been made out of time, as contended by Sonken, this did not entitle Sonken, as a matter of right, to demand the approval of his bid.

It is a matter of importance, also, as sustaining the discretion of the trial court, that the bid of Wickham was accepted and the sale confirmed and the transaction entirely completed on November 8th, without objection at that time from any source. The appeal of Sonken is not from the order of November 8th, refusing his bid and approving the bid of Wickham; but it is an appeal from the order of November 13th, refusing to set aside a confirmation already made. This is an important distinction, as pointed out in *Central Tr. Co. v. Gate City Elec. St. R. Co.,* 96 Iowa 646, supra (650, 651). By such confirmation, Wickham acquired a *legal right* beyond that of a mere bidder. If actual confirmation of the sale to Wickham worked in him a vested right which could be divested only on legal grounds, then it had gone beyond the power of the court to exercise a mere discretion in favor of the bid of Sonken. It is clear, therefore, that Sonken is not in the same position to demand the exercise of the discretion of the court in his favor as he would have been on November 8th, when the Wickham bid was presented and acted upon. The distinction here noted is made clear in *Brock v. Rice,* 27 Gratt. (Va.) 812:

"In considering this case, it is important to bear in mind the rules of law governing judicial sales. All the authorities agree there is a wide distinction between an application to set aside a sale after it is approved by the court, and an application to withhold a confirmation. A decree of confirmation is a judgment of the court, which determines the rights of the parties. Such a decree possesses the same force and effect of any other adjudication by a court of competent jurisdiction. But before confirmation the whole proceeding is *in fieri,* and under the control of the court. Until then, the accepted bidder is not regarded as a purchaser. His contract is incomplete, and he acquires by his bid no independent right to have it perfected."

None of the parties in interest in this case complain of the action of the court. Sonken's attitude is that he acquired some sort of a right or lien upon the subject-matter of the litigation, and that creditor and debtor must wait and hold their rights in suspense until the new litigants, the bidders, may fight out their respective claims. It is not the policy of the law of this state to permit mere bidders at a sale subject to the approval of the

court to so attach themselves to the subject-matter of the litigation as to impede the processes of the court in subjecting the property in its custody to the just claims of the real litigants. We are clear that the trial court acted within the scope of its sound discretion. Its order is, therefore,—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.