JACOB WEBER, APPELLEE, V. ETHEL M. WILEY ET AL.: FARMERS BANK OF STAPLETON, APPELLANT.

FILED FEBRUARY 13, 1924. No. 22638.

1. Judicial Sales: BIDDING: RELIEF IN EQUITY. In refusing to require compliance with a bid at a judicial sale, a court of equity may consider changed conditions affecting values, if due to an unreasonable delay in confirmation, when caused by a suitor or the sheriff, but a mere delay of short duration, incident only to litigation, is not necessarily a ground for such equitable relief.

2. Appeal: REVIEW. A question not presented to the district court may be disregarded on appeal.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Hoagland & Carr,* for appellant.

*George N. Gibbs, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is a suit to foreclose a mortgage for $4,066 on a section of land in Lincoln county. Jacob Weber, plaintiff,

was mortgagee. Benjamin F. Wiley and Ethel M. Wiley, his wife, were mortgagors. The former died February 17, 1919. Ethel M. Wiley, Claudia Wiley and Nola Wiley, minor children of mortgagors, and Ethel M. Wiley, administratrix of the estate of Benjamin F. Wiley, deceased, were sued as defendants. May 12, 1920, the district court rendered a decree of foreclosure subjecting the mortgaged land to the payment of the debt, $4,317.14, including interest. Under this decree the sheriff offered the land for sale March 28, 1921, accepted a bid of $4,701 by the Farmers Bank of Stapleton and received at the time from it a cash payment of $701. March 28, 1921, defendants, on the ground of inadequacy of price, objected to confirmation. The objections were submitted to the district court July 6, 1921. The sale not having been confirmed October 31, 1921, the bank then made an application for relief from its bid and for the return of its cash payment of $701. This application was overruled December 2, 1921, the sale confirmed and compliance with the bid ordered. The bank has appealed.

Did the district court err in requiring the bank to comply with its bid? The principal grounds upon which the bank applied for relief, though presented in detail at considerable length, may be summarized as follows: The bank had a claim against the estate of Benjamin F. Wiley, deceased, and to prevent a loss had arranged in advance for a resale of the mortgaged land at a price in excess of its bid of $4,701. The bid was made March 28, 1921, pursuant to a representation that the sale for purposes of confirmation would be considered by the district court May 16, 1921. Objections to confirmation were interposed by defendants. The issues were not determined until December 2, 1921. In the meantime the bank lost the rentals by delay. Conditions changed. The land depreciated in value until it was not worth the bid. The prospective purchaser upon a resale, on account of stringency in the money market and the fall in prices, could not procure a loan on the land and refused to buy it from the bank. The latter was in no wise responsible for these conditions or for the delay. Under the circumstances it was

inequitable to overrule the application of the bank for relief from its bid and for the return of its cash payment of $701.

These propositions, thus condensed, were ably presented in argument, but they do not seem to entitle the bank to the equitable relief sought. The district court found the issuable facts in favor of plaintiff and against the bank. There does not seem to be a sufficient reason for a different view of the merits of the controversy. In refusing to require compliance with a bid at a judicial sale, a court of equity, as argued by counsel, may consider changed conditions affecting values, if due to an unreasonable delay in confirmation, when caused by a suitor or the sheriff, but a mere delay of short duration, incident only to litigation, is not necessarily a ground for such equitable relief.

While the showing by the bank tended to prove that the value of the land, after confirmation had been delayed until December 2, 1921, was less than the amount of the bank's bid, the evidence on behalf of defendants in support of their objections to confirmation indicated that the purchase price at the sheriff's sale was inadequate. The evidence will not support a finding that the sheriff or a suitor represented to the bank, before or during the sale, that confirmation would be considered by the district court May 16, 1921. The filing of objections to the sheriff's sale on account of inadequacy of price was the exercise of a legal and equitable right. A reasonable delay incident only to an adjudication of the objections does not necessarily constitute a ground for relieving a bidder from his obligations as such. Besides, the bank itself concedes that it could have consummated its purchase as late as July, 1921. The objections to confirmation were submitted to the district court July 6, 1921, but not adjudicated until December 2, 1921. From all the circumstances it seems more logical to hold, therefore, that the delay which prevented the bank from reselling the land at a profit was incidental to litigation in Lincoln county under conditions not attributable to the sheriff or to any suitor. Considered from the standpoint of the entire record, the decree of the district court seems to be correct.

It was suggested in argument that the bank should be relieved from its bid on the ground that it was without authority to purchase the land. This was not a ground of relief pleaded in the application below, and for that reason is disregarded on appeal.

AFFIRMED.