OTTO KUMMER ET AL., APPELLEES, V. FRED KUMMER ET AL., APPELLEES: JOHN C. BYRNES, APPELLANT.

FILED MAY 26, 1924. No. 22717.

1. Judicial Sales: DEFECT IN TITLE. A defect of title which will warrant the release of a purchaser at a judicial sale must be of a substantial character; and where it is one which may be and is removed within a reasonable time, a court of equity may require the purchaser to comply with his bid if the ends of justice will thereby be accomplished.

2. ————: BY-BIDDING. A charge of "puffing" or "by-bidding" at a judicial sale is not sustained when it appears that all bids were made in good faith with the intention and ability to purchase the property if the bids were successful.

3. ————: RELIEF FROM BID. A court of equity will relieve a purchaser at a judicial sale from his bid when it appears that, owing to delay in confirmation, the situation of the parties or property has so changed as to make it inequitable to compel performance. Held, no such change appears in this case.

APPEAL from the district court for Polk county: EDWARD E. GOOD, JUDGE. Affirmed.

*Albert & Wagner,* for appellant.

*Mills, Beebe & Mills* and *King, Bittner & Campbell,* contra.

Heard before MORRISSEY, C. J., DAY, DEAN and ROSE, JJ., and REDICK, District Judge.

REDICK, District Judge.

Appeal from an order confirming a judicial sale. At a judicial sale under the decree of the district court for Polk county, on July 7, 1920, appellant John C. Byrnes became the purchaser of about 300 acres of land at $265 an acre, he being the highest and best bidder. Two of the heirs interested in the estate, through their representative, bid $250 an acre; a third party whose good faith and financial ability is conceded bid $250.50 an acre; and still another good faith and financially able person bid $262.50 an acre. The decree and placards advertising the sale stated that the purchaser would be furnished an abstract "showing good and merchantable title," and the decree provided that the sale should be for not less than half cash, balance on five years time secured by mortgage, 15 per cent. to be paid on date of sale, the remainder when the report of sale is examined and confirmed by the court. The purchaser paid the 15 per cent. required, possession to be given March, 1921; but the purchaser was permitted to take possession for the fall plowing in 1920, and has remained in possession by tenant ever since, under a stipulation entered into between the parties in March, 1921, that the rent should be paid to a third party without prejudice to the rights of either party in this proceeding. There was considerable delay in the preparation and delivery of the abstract on account of an erroneous patent which had to be corrected at Washington, which having been done, the abstract was delivered to the purchaser March 5, 1921. No objection on account of delay in furnishing the abstract was made by the purchaser, but on March 11 the attorney for the purchaser notified him that the abstract was insufficient be-

cause it appeared that the title to 160 acres of the land came through a will of one Sarah Johnson, which appeared to have been probated in the state of Indiana, but probate thereof had never been had in this state, and on March 14 the purchaser, by his attorneys, filed an application in the district court to be relieved of their purchase on the ground that said abstract did not show a marketable title, and for the reason just stated, and that the executor had employed by-bidders or puffers without the knowledge of the purchaser, whereby the price at which said land was sold was largely increased. Immediately upon receiving notice of the defect in the title, the executor procured a certified copy of the probate of the will from Indiana and filed it in the county court of Polk county, and the same was duly probated and allowed about May 15, 1921, by which proceedings it is conceded the title was perfected. Nothing was done toward procuring a confirmation of the sale until June 27, 1921, when the purchaser filed an amended application to be relieved from his bid, urging the two grounds above specified, and a further one that between the time of the sale and the time when the title was perfected the value of the lands had depreciated to the extent of $50 an acre, which allegation as to the extent of the depreciation was put in issue by an answer, and alleging that it would be inequitable under these circumstances to require the purchaser to complete his purchase. The matter was submitted to the district court on July 7, 1921, and on October 4 the court overruled the application and confirmed the sale, and the purchaser appeals.

Three questions are presented for decision: (1) Was the failure to procure the probate in this state of the foreign will such a defect in the title as to justify the purchaser in refusing to complete the purchase? (2) Was the sale fairly conducted relative to the objection of by-bidding and puffing? (3) Was the purchaser entitled to be relieved by reason of the depreciation in the value of the land? Of these in their order:

1. Section 1261, Comp. St. 1922, provides that no will

shall be effectual to pass the title to real estate unless the same shall have been duly proved and allowed in the county court.  And section 1263 provides for the probate of wills which have been duly probated in a foreign state and presented to the county court, as follows:

"Where more than two years have elapsed since the death of the person whose will is offered for probate, the court shall fix a time for hearing upon said petition not more than 30 days subsequent to the filing thereof, and may in its discretion either dispense with or order notice of the time and place of said hearing," etc.

Other sections provide for the recording of the judgment of probate.  The proceeding seems to be purely formal, and it appears that Sarah Johnson died and her will was probated in Indiana over 40 years ago.    The defect in the title which will relieve the purchaser must be substantial; and a mere possibility of the existence of adverse claims is not sufficient.   *McCaffrey v. Little,* 20 App. Cases, D. C. 116; *Hudgins v. Lanier Bros. & Co.,* 23 Grat. (Va.) 494; *Dunham v. Minard,* 4 Paige (N. Y.) 441; *Cambrelleng v. Purton,* 125 N. Y. 610.  The precise question then, in our judgment, is whether or not, this being a judicial sale, the court would have been justified in postponing the confirmation of sale for a reasonable time to enable the executor to perfect the title of record.  The discussion in the printed briefs proceeds upon the theory that the rules governing specific performance of contracts are strictly applicable, and counsel for appellant insists that he has the same right to resist the confirmation as he would have to rescind a contract for the purchase of land.  It must be noted, however, that a private contract generally provides for a time within which title is to pass, and frequently time is expressly made the essence of such contract; and where time is not the essence of the contract, the contract is to be performed within a reasonable time, and it has been held that specific performance may be ordered if good title is furnished at the time of the decree.  *Miller v. Ruzicka,* 109 Neb. 152; *Seaver v. Hall,* 50 Neb. 878.  In the present case

no time was fixed for performance, but in such case the law implies a reasonable time. Now, we may dismiss from our consideration the time elapsing from the date of the sale to the furnishing of the abstract, because the purchaser made no objection thereto, but in fact, on several occasions, stated that there was no hurry about the abstract, and in fact made no complaint of delay until May 24, 1921 (in a letter to the executor), nor upon the record until June 27. We think under these circumstances that the purchaser is not entitled to be relieved of his bid merely upon the ground of delay in procuring the title, and that whether or not it would have been proper for the court to grant the time in advance, the title having been perfected within a reasonable time after defect was discovered (about 70 days), and the purchaser not insisting upon a ruling on his application during that period, he is not entitled now to object to the delay since the first presentation of the abstract. Where time is not of the essence of the contract, it may be performed within a reasonable time, before the lapse of which neither party may rescind without notice, from the giving of which computation will start. *McTague v. Sea Isle City Bldg. Ass'n,* 57 N. J. Law, 427; *Taylor v. Goelet,* 208 N. Y. 253. So, also, in *Bird v. Smith,* 101 Ky. 205, it was held that the sale should not be set aside because of the existence of adverse claims, but that the parties holding them should be brought in and their claims determined. In *Miller v. Wright,* 109 N. Y. 194, where title could be perfected by certain conveyances, the case was remanded that opportunity might be had for their procurement. In *Cambrelleng v. Purton,* 125 N. Y. 610, it was held that in the exercise of sound discretion the purchaser may be compelled to complete the purchase where no reasonable doubt exists as to the title. On the other hand, where reasonable doubt does exist the purchaser should be relieved. *Fleming v. Burnham,* 100 N. Y. 1; *Lenehan v. College of St. Francis Xavier,* 30 Misc. Rep. 378. We need not further pursue this inquiry; we are of the opinion that, so far as the defect in title is concerned, the district court properly exercised its

discretion in overruling the objection.

2.  The evidence establishes beyond a question that the bidding on behalf of the two heirs interested in the estate was in good faith for the purpose of preventing a sacrifice and with the ability and intention of completing the purchase if their bid had been accepted.   There is no merit in the second objection.

3.  It appears from the evidence that, between the date of sale and the perfection of the title. the value of farm lands generally had depreciated, but there is no evidence that they had depreciated to the extent of $50 an acre, or any other amount.   This depreciation had no relation to the defect in the title, and it is not claimed that the purchaser had any opportunity in the meantime to have sold the land at a profit.   The delay in furnishing the abstract and perfecting the title was not attributable in any way to the purchaser, though, as already stated. he made no objection on that account until May, 1921, and he now claims that the situation of the parties has been so changed that it would be inequitable and unjust to require him to complete his purchase.   The question thus presented is not free from doubt.   The appellee answers that, if the value of the land had increased, the executor would not be heard on objections to the confirmation for that reason.   The contrary, however, has been held in *Jackson v. Edwards,* 7 Paige (N. Y.) 386, 412, where the purchaser was responsible for the delay and the court was satisfied that injustice would result to the estate if the sale were ratified, the court saying: "As this court will not give a purchaser at a master's sale the benefit of his purchase, where he has neglected to comply with the terms of sale within a reasonable time, if a resale of the property is deemed more beneficial to the parties interested in the proceeds of the sale; so neither will it compel him to take the title, where by the fault of the parties thus interested. and without any captious objections to the title on his part, the completion of the sale has been delayed so long that he cannot have the benefit of his purchase, substantially, as if the sale had been completed

and the title given at the time contemplated by the terms of sale. In this case there was a valid objection to the title which was not removed until a long time after the sale; and no attempt was made to remove it until the property had depreciated in value, so that the purchasers must now be great losers if they are compelled to take the property at the prices for which it was sold." To the same effect, *Hyman, Moses & Co. v. Smith*, 13 W. Va. 744.

We have no doubt of the correctness of the rule that, both in actions for specific performance and for confirmation of judicial sales, a court of equity is vested with a sound discretion as to whether or not the purchaser may be required to accept title, and that where by reason of delay the situation has substantially changed the purchaser may properly be relieved; but the burden is upon him to bring before the court the evidence of facts showing the equity claimed. In the present case the only evidence in the record is to the effect that the land in question was worth the amount for which it was sold at the time, and that there has been a "good deal of depreciation in value since," and that there was quite a change in the financial situation from that time on. There is no evidence as to how the land in question was affected by these facts, or the extent, if any, to which the value of that particular land had been depreciated. We are asked upon the mere showing of delay and that there has been a good deal of depreciation in the value, without further facts, to apply the equitable doctrine above referred to and relieve the purchaser. It is suggested that the court will take judicial notice of the "crash in land values," which perhaps is correct as a matter of general history, but we are not prepared to say that we may apply that knowledge to a specific piece of land without some evidence of the extent of the loss in value upon which the discretion of the court may be intelligently exercised. In cases of this kind the extent of the loss in value is an important consideration in determining the equities of the parties. The evidence of the purchaser in the record indicates that his principal reliance was upon the defect

in the title and the supposed "puffing" at the sale, for in a letter to the executor dated May 24, 1921, he made no mention of depreciation in value, nor until June 27 following. The evidence also indicates another factor entering into his unwillingness to complete the purchase, in the fact that another party who was to furnish the money necessary to finance the transaction had refused to go on with it. Under the circumstances shown, we do not think the case is one which calls for the application of the equitable principles above referred to, and we think the discretion of the district court was properly exercised in overruling the purchaser's application and confirming the sale. The purchaser, however, should not be charged with interest, except from the date of confirmation.

AFFIRMED.

MORRISSEY, C. J., and DEAN, J., dissent.

Note—See Judicial Sales, 35 C. J. p. 91, sec. 143; p. 39, sec. 52.; p. 93, sec. 146.