Edward J. Batchelar, Respondent, v. Annie L. Batchelar et al., Defendants.

Elmer W. Baker, Appellant.

**Vendor and purchaser — judicial sale — practice — motion by purchaser at judicial sale to be relieved from purchase for delay in perfecting title — error to hold that purchaser having acquiesced in delay could not put referee in default without notice — relief in discretion of court and rule to be applied is that of fairness.**

1. The rule, that when time of performance has been waived by the parties to a contract notice to perform is a condition precedent to liability for damages based on rescission, does not apply to judicial sales of real property.

2. It is, therefore, error for the court to hold, on motion by a purchaser of real property at a partition sale to be relieved of his purchase for delay in perfecting title, that the purchaser, having once acquiesced in the delay, could not place the referee in default without first giving him notice to perfect the title within a reasonable time. When a reasonable time has elapsed after closing day and the title remains defective, the purchaser may move the court to be relieved

from his purchase and the court may, in its discretion, deny the application absolutely or conditionally or may grant it. The rule to be applied is that of fairness.

*Batchelar* v. *Batchelar*, 217 App. Div. 771, reversed.

(Argued January 11, 1927; decided January 18, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 7, 1926, which reversed an order of Special Term granting a motion, by appellant herein, to be relieved of his purchase, made at a partition sale, and denied the motion.

*Charles H. Street* for appellant.   The Appellate Division erred in reversing the order of the Special Term and denying the purchaser's application to be relieved of his purchase.   (*Taylor* v. *Goelet*, 208 N. Y. 253; *Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246; *Trainor Co.* v. *Amsinck & Co., Inc.*, 236 N. Y. 392; *People* v. *N. Y. Building-Loan Banking Co.*, 189 N. Y. 233; *Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 N. Y. 1; *Crouter* v. *Crouter*, 133 N. Y. 55; *Rice* v. *Barrett*, 99 N. Y. 403; *People* v. *Open Board of Stock Brokers*, 92 N. Y. 98; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *Birge* v. *Berlin Iron Bridge Co.*, 133 N. Y. 477; *Moore* v. *Vulcanite Portland Cement Co.*, 220 N. Y. 320.)

*William A. McLaughlin* for respondent.   Where delay in perfecting title is excused, purchaser is not relieved. (*Hubbell* v. *Von Schoening*, 49 N. Y. 327; *Schmidt* v. *Reed*, 132 N. Y. 108.)

POUND, J.   A referee's sale under an interlocutory judgment in an action for the partition and sale of real property was had on September 2, 1925.   Appellant bid in two parcels for $29,600.   The terms of sale provided for the closing thereof on or before October 5, 1925.   The time was postponed to November 4, 1925, and thereafter to

November 18, 1925. The purchaser then attended at the proper time and place and was ready to perform on his part provided the referee could give a good and marketable title to the premises. The title was defective. The premises were subject to the lien of an undischarged mortgage not mentioned in the notice of sale. The purchaser refused to complete his purchase. Further time was requested to which he made no objection. Promises speedily to perfect the title were from time to time made by plaintiff's attorney. The purchaser was patient and offered no serious objection to the delay. On December 31, 1925, the referee notified plaintiff's attorney that he had been appointed a city magistrate and that he could no longer act. When nearly two months had elapsed after the purchaser had refused to take title, on January 6, 1926, he caused a written notice to be served on plaintiff's attorney and the referee stating that he rejected the title to the premises and demanding the return of his deposit and payment of his disbursements. He thereafter on January 13, 1926, moved at Special Term to be relieved from his purchase. On February 4, 1926, his motion was granted. It did not appear that a new referee had been appointed or that the defect in title had been cured or could be cured without further delay.

The Appellate Division reversed the order of the Special Term " on the law and not in the exercise of discretion." It held that the purchaser having once acquiesced in the delay, could not place the referee in default without first giving him notice to perfect the title within a reasonable time.

Although no authorities are cited in the memorandum opinion, it seems a reasonable inference that the court felt bound by rules laid down in certain cases applicable to private contracts of sale when time of performance has been waived by the parties to the agreement and notice

to perform has been held to be a condition precedent to liability for damages based on rescission.

This rule is not applicable to judicial sales of real property. No question of damages is there involved. " ' The court, however, treats a contract made with one of its officers as being made with the court itself, and will deal with its contractee upon equitable principles.' " (*People* v. *N. Y. Building-Loan Banking Co.*, 189 N. Y. 233, 237.) When a reasonable time has elapsed after closing day and the title remains defective, the purchaser may move the court to be relieved from his purchase. The court may, as the facts permit, in its discretion deny the application absolutely or conditionally or may grant it, and its determination may not be reviewed in this court. But no such question of law is presented as that stated by the Appellate Division. The whole matter is before the Special Term which applies the rule of fairness. If the defect in title is curable, it may give the referee time to remove the cloud. It is no abuse of discretion to refuse further time when it does not appear that the title may be perfected with reasonable diligence. More especially may it exercise such discretion in behalf of the purchaser in a case like this where the referee has resigned or attempted to resign and notice to him would be a barren formality.

An unreasonable delay in furnishing a good title is a sufficient answer to an application to compel the purchaser on a judicial sale to take a conveyance. (*Rice* v. *Barrett*, 99 N. Y. 403.) When the purchaser is the moving party no different rule applies.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.