L. K. REECE, Appellant, v. D E. CARTWRIGHT, Appellee.

No. 39727.

JANUARY 21, 1930.

*James L. Cameron,* for appellant.

*Peisen & Soper,* for appellee.

De Graff, J.—The petition in this case is in form an action at law, to recover on a check dishonored by nonpayment. The answer admitted the execution and delivery of the check, and pleaded as a defense that it was given in connection with an offer to purchase real estate at partition sale, and that the offer was withdrawn prior to confirmation of the sale by the court. A copy of a written contract entered into by and between the parties hereto was attached to and made a part of the answer. The contract contains the following provision:

"And the said party of the second part, in consideration of the premises, hereby agrees to and with the party of the first part, to purchase all his right, title and interest, in and to the real estate above described for the sum of ten thousand and no-100 dollars and to pay said sum therefor to the party of the first part, his heirs or assigns as follows: One thousand and no-100 dollars, on the execution of the agreement, and the balance of nine thousand and no-100 dollars as follows, to wit: Sept. 1st, 1928. It is understood that referee must first make report of sale and the sale be confirmed by a judge of the district court in and for Hardin County, Iowa. And such sale is made subject to such confirmation."

A demurrer interposed by appellant to the answer, upon the ground that the matters and things alleged did not constitute a defense, was overruled by the court, and, the plaintiff refusing to plead, judgment dismissing the petition and for costs was entered against him, and he appeals.

The precise question here involved has not previously come before us in the exact form in which it is now presented. The record does not affirmatively disclose whether the referee's sale in partition was at public auction or by private sale. The argument of counsel on both sides apparently proceeds on the theory that the sale was at public auction. Numerous cases have previously been passed upon by this court in which the right of the successful bidder at a judicial sale to have confirmation thereof by the court has been discussed. The theory of appellee is that the successful bidder at a judicial sale at auction, and perhaps a purchaser at a referee's private sale, is not bound by his bid until confirmation by the court, and that he may arbitrarily and with impunity withdraw the same at any time

prior to such confirmation. No authority sustaining this contention has come to our notice. The rule is universal that the sale of real property by a referee in partition or at other judicial sale is incomplete until it has been ratified or confirmed by the court. It is also the universal rule that a court may not arbitrarily and without cause refuse confirmation of such sale, but that, in passing thereon, it exercises a sound judicial discretion only. *Fraizer v. Fraizer*, 204 Iowa 724; *Loyd v. Loyd*, 61 Iowa 243; *Damrow v. Iowa & O. S. L. Ry.*, 190 Iowa 996; *Harney v. Crowley*, 184 Iowa 1101; *Harduval v. Merchants' & Mech. Tr. & Sav. Bank*, 204 Ala. 187 (86 So. 52); *Harrell v. Blythe*, 140 N. C. 415 (53 S. E. 232); *Lowman v. Funkhouser*, 78 W. Va. 742 (90 S. E. 340); *Whitchurch v. Doughty*, 133 Okla. 283 (271 Pac. 1033); *Weber v. Wiley*, 111 Neb. 587 (197 N. W. 384); *Graffam v. Burgess*, 117 U. S. 180 (29 L. Ed. 839); *Camden v. Mayhew*, 129 U. S. 73 (32 L. Ed. 608).

The court may not, therefore, treat the transaction as a mere farce. The offer to sell real property at judicial sale is, in its very nature, an offer in good faith, and for the purpose of forwarding and conserving the interests of litigants or claimants involved therein. In our own cases cited supra, we have always held that a purchaser at a judicial sale, such as sales by referees in partition, does not at once acquire a vested interest in the property, and that the sale is incomplete until ratified by the court. Upon ratification, the purchaser becomes possessed of the equitable title to the property. The necessary implication from these decisions is, however, that the successful bidder, by his offer, becomes at once possessed of a right which can be extinguished only by the court by refusing confirmation, in the exercise of a sound judicial discretion. The rights at this point, to be fair and just, must be reciprocal. If the court may not arbitrarily decline confirmation of the sale, there certainly can be no logical reason for saying that the successful bidder may arbitrarily abandon the offer which has been accepted by the officer or agent of the court who has been authorized thereby to make the sale. All of the decisions of courts in other jurisdictions which we have been able to find, hold that the successful bidder may not, after acceptance by the officer of such bid, arbitrarily and without cause withdraw the same, pending confirmation by the court. *Weber v. Wiley*, supra; *Camden v. May-*

*hew,* supra; *Kummer v. Kummer,* 112 Neb. 220 (199 N. W. 35); *In re Glas-Shipt Dairy Co.,* 239 Fed. 122; *Gore v. Burdette,* 175 Mo. App. 389 (162 S. W. 321); *White v. Brown,* 131 S. C. 71 (126 S. E. 750); *Batchelar v. Batchelar,* 244 N. Y. 274 (155 N. E. 123); *Hibernia Sav. & L. Soc. v. Behnke,* 121 Cal. 339 (53 Pac. 812).

The bidder is not without a remedy, however. The rule well established in other jurisdictions is that, by his bid and the acceptance thereof by the officer, he becomes a party to the record, in such sense that he may appear and show cause to the court why he should be released from his obligation. This court has repeatedly recognized the right of the successful bidder to appeal from the refusal of the court to ratify the sale, thereby treating him as a party to the record. *Brown v. Traul,* 140 Iowa 728; *Saunders v. Stults,* 189 Iowa 1090; *Shearer v. Shearer,* 125 Iowa 394; *Loyd v. Loyd,* supra.

It will be observed that in none of the cases cited from this court was the question of the right of the successful bidder to arbitrarily withdraw his bid pending confirmation of the sale by the court involved. In each of the cases in which contention was made by the bidder, he was insisting upon his right to confirmation. However, *Perrin v. Chidester,* 159 Iowa 31, involved a similar controversy. The plaintiff in that case was the successful bidder, who brought his action against the referee, to recover an advance payment on the agreed purchase price of the sale. The payment was made, and the bid of the plaintiff withdrawn, prior to confirmation, the ground of such action being that the abstract did not, in the opinion of the bidder, show a good title. We held that the plaintiff was not entitled to recover. The referee, under the order of the court, resold the property at a lower price than the one agreed upon with the plaintiff, and asked recoupment in damages to the extent of the amount paid. The court in the course of its opinion devoted considerable space to the discussion of the question whether a good cause for plaintiff's refusal to complete the contract was shown. If the appellee in this case may arbitrarily withdraw his bid at any time prior to confirmation of the sale by the court, then clearly the conclusion in *Perrin v. Chidester,* supra, in which the plaintiff claimed a good excuse for doing so, was wrong. The court held that there was an absence of legal cause for refusing perform-

ance on the part of the purchaser, and that he, therefore, could not recover the portion of the purchase price paid.

There was confirmation of the sale in the case before us, but not until after appellee had withdrawn his bid. Appellee relies upon two prior decisions of this court: *Brown v. Traul,* supra, and *Harney v. Crowley,* supra. The language of the court in these cases must be interpreted in the light of the controversy and the final decisions of the court. The appellant in *Brown v. Traul,* supra, was the purchaser whose bid had been rejected. The question, therefore, was the one so frequently passed upon by courts generally: that is, did the court abuse its judicial discretion in refusing confirmation of the sale? We held that it did not. It is true that until confirmation the sale is incomplete, and when the court, in the exercise of its sound judicial discretion, refuses confirmation, both parties are relieved from further responsibility. Until confirmation has been had, neither party is absolutely bound by the contract.

Appellant in *Harney v. Crowley,* supra, was one of the parties to the original action, which was in partition. The court confirmed the sale, notwithstanding the fact that a substantially higher offer for the premises was made before the order was made. We reversed on the ground that the court, in refusing the higher bid, abused its judicial discretion. The language of the court in that case, upon which appellant relies, was designed to show that the successful bidder did not have an absolute right to confirmation. There is no conflict in the holding of this court on the precise question before us. *Perrin v. Chidester* would seem to be conclusive on the point presented. The decision in each case must be read in the light of the issues presented and the questions to be decided. Appellee could not arbitrarily and without cause withdraw his bid. We have not, in reaching our conclusion, given particular weight to the fact that the agreement was evidenced in writing. The writing is in terms a solemn undertaking on the part of appellee to purchase the property at the stipulated price, subject only to confirmation by the court. Whether the position of appellee is different, under the circumstances of this case, from what it would be if the record showed that he was a successful bidder at an auction sale, is not material. The rule in such case could not be more favorable to him.

The demurrer should have been sustained, and the judgment is— *Reversed.*

MORLING, C. J., and STEVENS, ALBERT, WAGNER, and GRIMM, JJ., concur.